IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| HILDA GONZALEZ GARZA AND | § | |
| ROSBELL BARRERA, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| STARR COUNTY, TEXAS; | § | |
| OMAR ESCOBAR, in his official capacity | § | |
| as District Attorney for the 229th Judicial | § | |
| District; VICTOR CANALES JR., | § | |
| in his official capacity as County Attorney | § | |
| for Starr County; ELOY VERA, in his | § | |
| official capacity as County Judge for | § | |
| Starr County; JAIME ALVAREZ, in his | § | |
| official capacity as Starr County | § | |
| Commissioner for Precinct 1; RAUL PEÑA, | § | |
| III, in his official capacity as Starr County | § | |
| Commissioner for Precinct 2; ELOY GARZA, | § | |
| in his official capacity as Starr County | § | |
| Commissioner for Precinct 3; RUBEN D. | § | |
| SAENZ, in his official capacity for Starr | § | |
| County Commissioner for Precinct 4; | § | |
| RENE "ORTA" FUENTES, in his official | § | |
| capacity as Sheriff for Starr County. | § | |
| | § | |
| Defendants. | § | |

## ORIGINAL COMPLAINT

### INTRODUCTION

Plaintiffs HILDA GONZALEZ GARZA and ROSBELL BARRERA ("Plaintiffs") bring this civil rights action against Starr County, Texas and various Starr County officials (collectively "Defendants" or "Starr County") for declaratory and injunctive relief.

Starr County adopted a far-reaching ban on electioneering that is strictly prohibited by the Texas Election Code. The Texas Secretary of State's Office recently warned that the

County's electioneering ban likely violates state law.  Despite this warning, Defendants intend to enforce their ban.

Plaintiffs are residents and registered voters of Starr County.  Plaintiffs are politically active members of the Republican and Democratic parties in Starr County and plan to engage in electioneering activities now banned by the County.  Plaintiffs challenge the ban because it unconstitutionally restricts their right to free speech and is illegal under state law.

## JURISDICTION AND VENUE

1.      This Court has original jurisdiction over Plaintiffs' cause of action arising under the Constitution of the United States pursuant to 28 U.S.C. §§ 1331 and 1343, as well as 42 U.S.C. § 1983.

2.      This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a).

3.      Pursuant to 28 U.S.C. § 1391(b), venue is proper in the United States District Court for the Southern District of Texas, the judicial district in which the parties reside and where a substantial part of the events or omissions giving rise to the claims occurred.

## PARTIES

Plaintiffs

4.      Plaintiff HILDA GONZALEZ GARZA is a resident and registered voter of Starr County.  She is an unopposed candidate for Democratic Party Precinct Chair for Starr County Precinct No. 10 in the 2018 primary election.

5.      Plaintiff ROSBELL BARRERA is a resident and registered voter of Starr County.  He serves as the chairman of the Starr County Republican Party.

6.      Plaintiffs intend to electioneer on county-owned property in the upcoming March 6, 2018 Texas primary election, the November 6, 2018 general election, and the early voting periods for both elections.

Defendants

7.      Defendant STARR COUNTY is a county organized under the laws of the State of Texas.

8.      Defendant ELOY VERA is the County Judge of Starr County.  He presides over the Starr County Commissioners' Court, which enacted the electioneering ban.  He carries out budgetary and policy making functions of county government, including the calling and holding of elections.  He sets policy to provide and maintain all county buildings and facilities.  He is sued in his official capacity.

9.      Defendant JAIME ALVAREZ is the Starr County Commissioner for Precinct 1.  He is a member of the Starr County Commissioners' Court, which enacted the electioneering ban.  He carries out budgetary and policy making functions of county government, including the calling and holding of elections.  He sets policy to provide and maintain all county buildings and facilities.  He is sued in his official capacity.

10.     Defendant RAUL PEÑA, III is the Starr County Commissioner for Precinct 2.  He is a member of the Starr County Commissioners' Court, which enacted the electioneering ban.  He carries out budgetary and policy making functions of county government, including the calling and holding of elections.  He sets policy to provide and maintain all county buildings and facilities.  He is sued in his official capacity.

11.     Defendant ELOY GARZA is the Starr County Commissioner for Precinct 3.  He is a member of the Starr County Commissioners' Court, which enacted the electioneering ban.

He carries out budgetary and policy making functions of county government, including the calling and holding of elections.  He sets policy to provide and maintain all county buildings and facilities.  He is sued in his official capacity.

12.     Defendant RUBEN D. SAENZ is the Starr County Commissioner for Precinct 4.  He is a member of the Starr County Commissioners' Court, which enacted the electioneering ban.  He carries out budgetary and policy making functions of county government, including the calling and holding of elections.  He sets policy to provide and maintain all county buildings and facilities.  He is sued in his official capacity.

13.     Defendant RENE "ORTA" FUENTES is the Sheriff for Starr County.  He serves as a licensed peace officer and oversees, directs and controls the Starr County Sheriff's Office, which is charged with the enforcement of criminal laws, including the Starr County electioneering ban.  He is sued in his official capacity.

14.     Defendant VICTOR CANALES, JR. is the County Attorney for Starr County.  He is responsible for prosecuting misdemeanor criminal cases in Starr County, assists law enforcement officials with criminal investigations, and provides legal advice to the Starr County Commissioners' Court and other county elected officials.  He is also responsible for enforcing the electioneering ban.  He is sued in his official capacity.

15.     Defendant OMAR ESCOBAR, JR. is the District Attorney for the 229th Judicial District, which includes the counties of Duval, Jim Hogg and Starr.  He is responsible for prosecuting felony criminal cases in Starr County and assists law enforcement officials with criminal investigations.  He is also responsible for enforcing the electioneering ban.  He is sued in his official capacity.

16.     At all times relevant hereto, Defendants were and have been acting under color of statutes, ordinances, regulations, policies, customs, and usages of the State of Texas and Starr County, Texas.

## FACTUAL ALLEGATIONS

### *Defendants Adopted an Unlawful Electioneering Ban*

17.     On January 8, 2018, the Starr County Commissioners' Court adopted an order banning electioneering on county-owned property during any voting period.

18.     The electioneering order ("Order" or "electioneering ban") constitutes an official policy and practice of Starr County.

19.     The Order states that Starr County "desires to regulate the time, place and manner of electioneering by prohibiting electioneering during any 'voting period' as defined by the Texas Election Code in or on property owned or under the care, custody and control of the County of Starr."

20.     The Order directs the County Judge's office to "place proper notice of no Electioneering on County Property to inform the general public of the restriction or prohibition."

21.     The Order further states that "[t]he Starr County Sheriff shall enforce these policies as mandated by Texas Local Government Code[.]"

22.     The Order finally states "that any person violating a rule adopted under this order commits an offense, will be prosecuted as a Criminal Trespass which is a Class B misdemeanor, pursuant, [sic] punishable by fine not to exceed $2,000.00 and up to six (6) months in Jail for each violation."

23.     The Order references and attaches, as "further" information, maps of several county properties and surrounding areas.  The maps include red markings around the county properties.

24.     The Order does not limit the electioneering ban to election polling places, but instead applies to all property owned or under the control of Starr County.

25.     For example, the Order references and includes a map of the Starr County Courthouse Annex.  The Starr County Courthouse Annex is not a polling place in the upcoming Primary Election.

26.     In another example, the Order references and includes a map of La Victoria Community Center-Zarate Park.   La Victoria Community Center-Zarate Park is a designated polling place for Primary Election Day, but not during early voting.

27.     With respect to county property that is used for polling places, the Order bans electioneering well beyond the 100-foot perimeter in which electioneering is prohibited by the Texas Election Code.  Tex. Elec. Code § 61.003.

28.     The effect of the order is to establish zones of varying size outside polling places in which electioneering is banned.  For example, the distance from the door of the La Rosita Commissioner Precinct #1 polling place to the edge of the county property is approximately 155 feet.  The distance from the door of the El Cenizo polling place [Starr County Precinct Office on highway FM 1430] to the edge of the county property is approximately 232 feet.  The distance from the door of the Starr County Courthouse to the edge of the county property is approximately 153 feet.  The distance from the door of La Victoria Community Center-Zarate Park to the edge of the county property is approximately 468 feet.

29.     The Order applies "during any 'voting period' as defined by the Texas Election Code."   The Texas Election Code defines voting period as "the period beginning when the polls open for voting and ending when the polls close or the last voter has voted, whichever is later."   Tex. Elec. Code § 61.003(b)(2).

30.     Electioneering includes verbal advocacy for a particular candidate, measure or political party as well as "the posting, use, or distribution of political signs or literature."   *Id*. at § 61.003(b)(1).

31.     Starr County has posted notice of the ban on its official website.

32.     The ban is in effect and will govern the upcoming election cycle, including early voting and Primary Election Day on March 6, 2018.

***Plaintiffs Have a Long History of Electioneering and Civic Engagement***

33.     Each election cycle, Starr County residents electioneer on county property during the voting period.   Party loyalists, candidates, campaign workers and volunteers post and hold up signs, distribute brochures, verbally advocate for propositions and candidates, display car bumper stickers, and wear campaign t-shirts, among other electioneering activities.

34.     To facilitate their electioneering activities, campaigns and volunteers in Starr County regularly bring barbeque grills, hand out food plates, water and sodas, and set up tents outside polling places, including on county-owned property.

35.     For years, Plaintiffs have peacefully electioneered and advocated for policies, political parties, and candidates of their choice.   Plaintiffs regularly wear t-shirts supporting their candidates of choice, hold up political signs, distribute campaign brochures, provide information to voters about candidates, and answer any questions from voters and neighbors about those candidates.

36.     Plaintiffs have peacefully engaged in these electioneering activities during the voting period on county property, including in parking lots and park areas, on sidewalks, and outside polling places.

37.     When electioneering at polling places, Plaintiffs remain beyond the 100-foot distance from the outside door as required by the Texas Election Code.

38.     As a candidate running unopposed in the upcoming 2018 primary election for Precinct Chair for Starr County Precinct No. 10, Plaintiff HILDA GONZALEZ GARZA, in addition to engaging in her regular electioneering activities, stands outside of polling places (beyond the 100-foot marker), distributes sample ballots to voters, and asks the voters to cast their ballot for her.

39.     Plaintiffs regard electioneering as part of their civic duty and intend to continue electioneering, as they have done for many years, during the voting periods for the 2018 primary and general elections.

40.     Plaintiffs fear that if they engage in electioneering activities on county property during the voting period they will be subject to arrest and punishment under the electioneering ban.

41.     In the many years in which Starr County residents have engaged in electioneering on county property, county governmental operations have not been disrupted.  Similarly, there have been no health or safety problems caused by electioneering.

42.     To the contrary, electioneering activities on county property allow voters to learn more about candidates, share their views and make informed decisions on how to cast their ballots.

43.     In the many years Plaintiffs have engaged in these activities, they have never observed intimidation or harassment of voters on property owned by Starr County.

**_Defendants Ignored Citizen Concerns and Failed to Revise the Policy_**

44.     On January 8, 2018, when the Starr County Commissioners' Court passed its Order banning electioneering, the Commissioner's Court did not allow comment from the general public.  At that meeting, Plaintiff HILDA GONZALEZ GARZA spoke up to raise a concern that the electioneering ban violated the Texas Election Code.  However, Defendant COUNTY JUDGE ELOY VERA refused to recognize Plaintiff HILDA GONZALEZ GARZA.

45.     On January 26, 2018, Plaintiff HILDA GONZALEZ GARZA sent a letter to Defendant DISTRICT ATTORNEY ESCOBAR, and copied all Defendants who sit on the Commissioners Court, stating her intent to engage in electioneering beyond the 100-foot marker and asking whether her planned activities would violate the newly-adopted electioneering ban.

46.     Plaintiff HILDA GONZALEZ GARZA has not received a response to her letter from Defendants.

47.     On February 1, 2018, Plaintiff ROSBELL BARRERA sent a letter to Defendant DISTRICT ATTORNEY ESCOBAR and copied all Defendants who sit on the Commissioners Court. He stated his intent to engage in electioneering activities beyond the 100-foot marker in support of Republican candidates and asked whether his planned activities would violate the newly-adopted electioneering ban.

48.     Plaintiff ROSBELL BARRERA did not receive a response from Defendants.

49.     After Plaintiffs sent their letters to Starr County, Defendant COMMISSIONER GARZA asked the Commissioners Court to revisit the electioneering ban at its February 12, 2018 meeting.  Defendant COUNTY JUDGE VERA placed that item on the agenda.

50.     At the February 12, 2018 meeting, Defendant COMMISSIONER GARZA asked Defendant COUNTY ATTORNEY CANALES to clarify the meaning of electioneering in the ban.  Defendant COUNTY ATTORNEY CANALES responded that the word electioneering "speaks for itself." Defendant COUNTY ATTORNEY CANALES further stated: "There cannot be electioneering.  There cannot be loitering.  There cannot be essentially 'pressing the flesh' on county property . . . You cannot have barbeque pits in parking lots.  Signage can't be on vehicles in the parking areas."  Defendant COUNTY ATTORNEY CANALES also stated at that meeting that the Starr County Sheriff's office would enforce the ban.

51.     At the February 12, 2018 Commissioners' Court meeting, Plaintiff HILDA GONZALEZ GARZA sought to raise concerns to the Commissioners about the scope and illegality of the ban, but Defendant COUNTY JUDGE ELOY VERA did not allow for any public comment on the electioneering ban.

52.     The Commissioners' Court adjourned its February 12, 2018 meeting without taking formal action to revise or rescind the ban.  Instead, at the same meeting, the Commissioners' Court adopted a Building Property Use Policy that incorporated the electioneering ban.

53.     On February 12, 2018, Plaintiff HILDA GONZALEZ GARZA emailed the Texas Secretary of State's Elections Division to inquire about the legality of the ban.  On February 15, 2018, Christina Adkins, Legal Director of the Elections Division at the Texas Secretary of State's Office, emailed Plaintiff HILDA GONZALEZ GARZA, stating that:

> Section 61.003 of the Texas Election Code specifically states that any entity that owns or controls a public building that is used as a polling place cannot prohibit electioneering on the premises.  The resolution from Starr County appears to prohibit electioneering entirely, not just provide regulations as to the time, place, and manner of electioneering.  It appears as though this would be in conflict with 61.003 (a-1) of the code.

54.     On February 15, 2018, Sam Taylor, the Communications Director of the Texas Secretary of State's Office stated publicly:  "The election code is very clear that they may not ban or prohibit at any time electioneering on the building's premises outside of that 100-foot mark."  Mr. Taylor's comments were published locally in *The Monitor* newspaper. Also on February 15, 2018, Defendant DISTRICT ATTORNEY ESCOBAR responded to the public position of the Texas Secretary of State's Office by maintaining that the Starr County electioneering ban was a reasonable regulation, stating "I really don't see that anybody's rights are being violated[.]"

55.     On February 16, 2018, Defendant DISTRICT ATTORNEY ESCOBAR posted on his official Facebook page a message that stated in part: "Electioneering continues to be prohibited in all designated county parking zones.  Once again, persons may request a permit to use non-parking areas for any allowed purpose. As of yet, neither the Starr County Commissioners' Court nor the Starr County Judge's Office have granted and they are not required to grant a permit to anyone requesting use of public property."

56.     On February 20, 2018, the first day of early voting in the March 2018 primary election, Starr County Elections Director John Lee Rodriguez directed at least one Starr County employee and at least one Starr County official with political bumper stickers or displays on their vehicles to remove their vehicles from the courthouse parking lot or cover their political displays.  The vehicles were parked at the courthouse beyond the 100-foot marker.

57.     Plaintiff HILDA GONZALEZ GARZA was in the Starr County Courthouse parking lot on February 20, 2018.  Plaintiff HILDA GONZALEZ GARZA helped a Justice of the Peace who works at the courthouse to cover up the political displays on his truck pursuant to the order of the Starr County Elections Director.

58.     Plaintiff HILDA GONZALEZ GARZA was electioneering in the Starr County Courthouse parking lot on February 20, 2018 and has political bumper stickers on her car.

59.     After she helped the Justice of the Peace cover up the political displays on his truck, Plaintiff HILDA GONZALEZ GARZA left the courthouse parking lot because she feared arrest under the electioneering ban as a result of her electioneering activities and having political bumper stickers on her car.

60.     As a practicing attorney, Plaintiff HILDA GONZALEZ GARZA visits the County Courthouse on behalf of clients who have cases pending in the court.  She fears she will be arrested for parking in the courthouse parking lot when conducting regular business at the courthouse because she has campaign stickers on her car.  For the same reason, she fears arrest and prosecution for parking at other county properties that she visits including, but not limited to, the Starr County Detention Center, the Starr County Sheriff's Office, the Starr County Adult Probation Office and the Starr County Commissioners' offices.

61.     Plaintiff ROSBELL BARRERA's electioneering activity includes wearing t-shirts promoting his preferred candidates and political party.  Plaintiff BARRERA wears these t-shirts in his daily business in Starr County, including visiting county property such as the Starr County Courthouse, the Starr County Courthouse Annex and the Starr County office downtown in Rio Grande City, and including during voting periods.  On election night, Plaintiff BARRERA wears electioneering t-shirts to the Starr County Courthouse Annex where the votes are tabulated.  Plaintiff BARRERA fears arrest and prosecution under the electioneering ban for his electioneering activities, including wearing t-shirts, on county property.

62.     On February 20, 2018, Sam Taylor, the Communications Director of the Secretary of State's Office, again reiterated that the Election Code "says that they may enact reasonable

regulations concerning the time, place and manner of electioneering.  But a reasonable regulation is not an outright ban.  So, it's very important to make that distinction as to what a reasonable regulation is."  Mr. Taylor's comments were published locally by KRGV Channel 5 News on its website.

63.     In response to Mr. Taylor's public statement, on February 20, 2018, Defendant DISTRICT ATTORNEY ESCOBAR stated:  "Well, somebody would have to challenge the resolution, or challenge the laws, or challenge the policies, and up to now, we don't have a lawsuit, so nobody is challenging the policies."  Mr. Escobar's comments were published locally by KRGV Channel 5 News on its website.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

### Starr County's Electioneering Ban Abridges Plaintiffs' Free Speech Rights in Violation of the U.S. Constitution

64.     Plaintiffs re-allege and incorporate by reference the allegations contained in the previous paragraphs of this complaint as though fully set forth here.

65.     The First Amendment to the U.S. Constitution provides: "Congress shall make no law . . . abridging the freedom of speech[.]"

66.     The free speech guarantee of the First Amendment is made applicable to the states through the Fourteenth Amendment, which provides "No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

67.     Defendants' electioneering ban abridges political speech that lies at the core of the protections afforded by the First Amendment.

68.     Defendants' electioneering ban is not narrowly tailored to serve a compelling state interest.

## SECOND CAUSE OF ACTION

### Starr County's Electioneering Ban Violates § 61.003 of the Texas Election Code

69.     Plaintiffs re-allege and incorporate by reference the allegations contained in the previous paragraphs of this complaint as though fully set forth here.

70.     Texas Election Code § 61.003(a-1) provides that "[t]he entity that owns or controls a public building being used as a polling place may not, at any time during the voting period, prohibit electioneering on the building's premises outside of the area [within 100 feet of an outside door of a polling place], but may enact reasonable regulations concerning the time, place, and manner of electioneering."

71.     Starr County is subject to Section 61.003 of the Texas Election Code.

72.     Defendants' ban violates Section 61.003(a-1) of the Texas Election Code, which prohibits electioneering within 100 feet of the door of a polling place and requires jurisdictions like Starr County to permit electioneering beyond the 100-foot zone subject to reasonable time, place and manner regulations.

73.     Starr County's electioneering ban also conflicts with Section 61.003 of the Texas Election Code by imposing different criminal penalties for electioneering within the 100-foot zone.

## THIRD CAUSE OF ACTION

### Starr County's Electioneering Ban Constitutes *Ultra Vires* Activity

74.     Plaintiffs re-allege and incorporate by reference the allegations contained in the previous paragraphs of this complaint as though fully set forth here.

75.     Under Texas law, an *ultra vires* suit may be brought against government officials acting without legal authority or failing to perform a purely ministerial act.

76.     Defendants are responsible for the administration of elections in Starr County, Texas and enforcement of laws related to elections.  Texas law both constrains Defendants' election authority and prescribes specific, ministerial acts for election administration that Defendants must perform.

77.     Defendants have acted without legal authority by adopting an electioneering ban expressly prohibited by Texas Election Code § 61.003(a-1) and by expressing their intention to enforce the ban.   Defendants' actions undertaken without legal authority are *ultra vires* acts.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the following relief:

1.     A declaratory judgment that Defendants' electioneering ban, in its entirety, violates Plaintiffs' free speech rights as guaranteed by the First and Fourteenth Amendments to the U.S. Constitution;

2.     A declaratory judgment that Defendants' electioneering ban violates Section 61.003 of the Texas Election Code;

3.     A declaratory judgment that Defendants' electioneering ban is *ultra vires*;

4.     An injunction prohibiting Defendants and their officials, employees, and agents from implementing or enforcing the electioneering ban;

15

5.      An order awarding Plaintiffs reasonable costs and attorneys' fees under 42

U.S.C. § 1988 and any other applicable law; and

6.      Such other and further relief as this Court deems just and proper.

Dated: February 21, 2018                    Respectfully submitted,

**MEXICAN AMERICAN LEGAL DEFENSE
AND EDUCATIONAL FUND**
By: */s/  Nina Perales*
Nina Perales
State Bar No. 24005046
SDTX Bar No. 21127
nperales@maldef.org
Celina Moreno
State Bar No. 24074754
SDTX Bar No. 2867694
cmoreno@maldef.org
Alejandra Ávila
State Bar No. 24089252
SDTX Bar No. 2677912
aavila@maldef.org
110 Broadway, Suite 300
San Antonio, TX 78205
Tel: (210) 224-5476
Fax: (210) 224-5382

**TEXAS CIVIL RIGHTS PROJECT**
By: */s/ Efrén C. Olivares*
Efrén C. Olivares
State Bar No. 24065844
SDTX Bar No. 1015826
efren@texascivilrightsproject.org
Rebecca Harrison Stevens
State Bar No. 24065381*
beth@texascivilrightsproject.org
1017 W. Hackberry Ave.
Alamo, Texas 78516
Tel: (956) 787-8171 ext. 121
**Pro hac vice* application forthcoming

16

Attorneys for Plaintiffs HILDA GONZALEZ
GARZA and ROSBELL BARRERA

**Certificate of Service**

The undersigned counsel hereby certifies that she has electronically submitted a true and correct copy of the above and foregoing via the Court's electronic filing system on the 21st day of February 2018.

*/s/ Nina Perales*
Nina Perales

17