IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| HILDA GONZALEZ GARZA AND<br>ROSBELL BARRERA,<br>    *Plaintiffs,*<br><br>v.<br><br>STARR COUNTY, TEXAS;<br>OMAR ESCOBAR, in his official capacity<br>as District Attorney for the 229th Judicial<br>District; VICTOR CANALES JR.,<br>in his official capacity as County Attorney<br>for Starr County; ELOY VERA, in his<br>official capacity as County Judge for<br>Starr County; JAIME ALVAREZ, in his<br>official capacity as Starr County<br>Commissioner for Precinct 1; RAUL PEÑA,<br>III, in his official capacity as Starr County<br>Commissioner for Precinct 2; ELOY GARZA,<br>in his official capacity as Starr County<br>Commissioner for Precinct 3; RUBEN D.<br>SAENZ, in his official capacity for Starr<br>County Commissioner for Precinct 4;<br>RENE "ORTA" FUENTES, in his official<br>capacity as Sheriff for Starr County.<br>    *Defendants*. | § § § § § § § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 7:18-CV-00046 |

**DEFENDANTS' ORIGINAL ANSWER TO
PLAINTIFFS' SECOND AMENDED COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COME NOW, Defendants, STARR COUNTY, TEXAS; OMAR ESCOBAR, in his official capacity as District Attorney for the 229th Judicial District; VICTOR CANALES JR., in his official capacity as County Attorney for Starr County; ELOY VERA, in his official capacity as County Judge for Starr County; JAIME ALVAREZ, in his official capacity as Starr County Commissioner for Precinct 1; RAUL PEÑA, III, in his official capacity as Starr County Commissioner for Precinct 2; ELOY GARZA, in his official capacity as Starr County Commissioner for Precinct 3; RUBEN D. SAENZ, in his official capacity for Starr County Commissioner for Precinct 4; RENE "ORTA"

FUENTES, in his official capacity as Sheriff for Starr County, and file this their Original Answer to Plaintiffs' Second Amended Complaint (Doc. 29) and would respectfully show unto this Honorable Court the following:

## I. ANSWER

Defendants deny each and all of Plaintiffs' allegations in their Second Amended Complaint, except to the extent expressly admitted herein:

1. Defendants deny the allegations in the introductory language of Plaintiffs' pleading.
2. Defendants admit that this Honorable Court has jurisdiction over this case as alleged in Paragraph 1.
3. Defendants deny that there is any legal basis for claims under state law, and, therefore, that this Honorable Court has supplemental jurisdiction over such claims, as alleged in Paragraph 2.
4. Defendants admit that venue is proper as alleged in Paragraph 3.
5. Defendants can neither admit nor deny the residency of Plaintiffs and their intentions to electioneer as alleged in Paragraphs 4 and 5 due to lack of knowledge or information sufficient to form a belief about the truth of such statements.
6. Defendants admit that Starr County is a county of the State of Texas as alleged in paragraph 6.
7. Defendants admit the statements in Paragraphs 7 through 11.
8. Defendants deny the allegations in Paragraphs 12 through 14 regarding the responsibility to enforce the "Electioneering Order" because it has been ruled as vague and unenforceable, and has been revoked by the April 9, 2018 Building and Property Use Policy. Defendants admit the remaining statements in Paragraphs 12 through 14.
9. Defendants admit the statement in Paragraph 15.
10. Defendants admit the statements in Paragraphs 16 and 17.
11. Defendants can neither admit nor deny the allegations in Paragraphs 18 and 19 at this

time due to lack of knowledge or information sufficient to form a belief about the truth of such statements.

12. Defendants admit the statements in Paragraphs 20 through 25.

13. Defendants deny that discretion to approve or deny permit applications, determine deposit amounts, refund deposits, and waive or modify requirements was "unfettered" as stated in paragraph 26.

14. Defendants can neither admit nor deny the statements in Paragraphs 27 and 28 until the alleged statements have been properly authenticated due to lack of knowledge or information sufficient to form a belief about the truth of such statements.

15. Defendants can neither admit nor deny the statement in Paragraph 29 until the alleged statement has been properly authenticated due to lack of knowledge or information sufficient to form a belief about the truth of such statements.

16. Defendants admit that the language is properly quoted in Paragraph 30.

17. Defendants can neither admit nor deny the statements in Paragraphs 31 and 32 until the alleged statements have been properly authenticated due to lack of knowledge or information sufficient to form a belief about the truth of such statements.

18. Defendants admit the statements in Paragraphs 33 and 34.

19. Defendants can neither admit nor deny the statements in Paragraphs 35 through 37 due to lack of knowledge or information sufficient to form a belief about the truth of such statements.

20. Defendants admit the statements in Paragraph 38.

21. Defendants can neither admit nor deny the statements in Paragraphs 39 through 46 due to lack of knowledge or information sufficient to form a belief about the truth of such statements.

22. Defendants admit the statements in Paragraphs 47 through 51.

23. Defendants can neither admit nor deny the statements in Paragraphs 52 through 53 due

to lack of knowledge or information sufficient to form a belief about the truth of such statements.

24. Defendants admit the statement in Paragraph 54.

25. Defendants admit the statement in Paragraph 55.

26. Defendants deny the statement in Paragraph 56.

27. Defendants admit the statements in Paragraphs 57 through 60.

28. The statements in Paragraph 61 purport to be statements of law which Defendants need not admit or deny.

29. Defendants admit the statements in Paragraphs 62 through 63.

30. Defendants admit that the April 9, 2018 Building and Property Use Policy had not been made available through the County's website, but denies it has not been made available as alleged in Paragraph 64.

31. Defendants deny the characterizations of the April 9, 2018 Building and Property Use Policy in Paragraph 65, and would state that the Policy establishes a permitting process for County facilities that would otherwise be unavailable to use because they are not public spaces.

32. Defendants admit the statements in Paragraphs 66 through 69.

33. Defendants deny that red markings indicating "parking zones" delineate sidewalks or streets as stated in Paragraph 70. The statement is otherwise admitted.

34. Defendants admit the statement in Paragraph 71.

35. Defendants admit the statements in Paragraph 72.

36. Defendants can neither admit nor deny the statements in Paragraph 73 due to lack of knowledge or information sufficient to form a belief about the truth of such statements.

37. Defendants admit the statement in Paragraph 74.

38. Defendants admit the statement in Paragraph 75 in part; the Policy allows persons and groups to reserve and use County facilities for their private use and does not prohibit

people from accessing County property for personal business and to obtain County services.

39. Defendants admit the statements in Paragraphs 76 through 78.

40. Defendants deny the statement in Paragraph 79.

41. Defendants admit the statements in Paragraphs 80 through 82.

42. Defendants deny the statement in Paragraph 83.

43. Defendants admit the statement in Paragraph 84.

44. Defendants deny the statement in Paragraph 85.

45. Defendants admit the statements in Paragraphs 86 through 88.

46. Defendants admit the statement in Paragraph 89 that the Commissioners Court's has the discretion to waive fees, but denies that the Policy does not define parameters.

47. Defendants admit the statement in Paragraphs 90 through 94.

48. Defendants deny the statements in Paragraphs 95 and 96.

49. Defendants admit the statements in Paragraphs 97 through 102.

50. Defendants admit that the form referred to in Paragraph 103 is not available on the County website, but denies it has not been made publicly available.

51. Defendants admit the statements in Paragraphs 104 through 113.

52. Defendants deny the statements in Paragraph 114.

53. Defendants admit the statements in Paragraphs 115 through 117.

54. Defendants deny the statements in Paragraph 118.

55. Defendants admit the statement in Paragraph 119.

56. Defendants admits in part the statement in Paragraph 120, but specifically denies Falcon County Park is property of Starr County.

57. Defendants can neither admit nor deny the statements in Paragraph 121 due to lack of knowledge or information sufficient to form a belief about the truth of such statements.

58. Defendants deny that Plaintiffs have been denied the right to electioneer outside the 100-

foot marker, but can neither admit nor deny the statements in Paragraphs 122 through 127 concerning their activities, observations, beliefs and fears due to lack of knowledge or information sufficient to form a belief about the truth of such statements.

59. Defendants deny the statements in Paragraph 128.

60. Defendants admit the statements in Paragraph 129.

61. Defendants can neither admit nor deny the statements in Paragraph 130 due to lack of knowledge or information sufficient to form a belief about the truth of such statements.

62. No response is necessary for Paragraph 131.

63. The statements in Paragraphs 132 and 133 purport to be statements of law which Defendants need not admit or deny.

64. Defendants deny the statements in Paragraphs 134 through 138.

65. No response in necessary for Paragraph 139.

66. The statements in Paragraphs 140 and 141 purport to be statements of law which Defendants need not admit or deny.

67. Defendants deny the statements in Paragraphs 142-146.

68. No response in necessary for Paragraph 147.

69. The statements in Paragraph 148 are statements of law which Defendants need not admit or deny.

70. Defendants admit the statement in Paragraph 149.

71. Defendants deny the statements in Paragraph 150 and 151, and would move for a more definite statement.

72. No response in necessary for Paragraph 152.

73. The statements in Paragraph 153 are statements of law which Defendants need not admit or deny.

74. Defendants deny the statements in Paragraphs 154 through 155, and would move for a more definite statement.

75. Defendants deny that Plaintiffs are entitled to any relief requested in their Prayer.

## II. AFFIRMATIVE DEFENSES

Defendants, by way of further answer, if any may be needed, allege by way of affirmative defenses:

1. Defendants would show that there have been no violations of Plaintiffs' constitutional rights.

2. Defendants would show that they are immune from liability for punitive damages under 42 U.S.C. § 1983. Defendants would further show that punitive/exemplary damages are limited by the Fourteenth Amendments' Due Process Clause.

3. Defendants would further assert that any request for pre-judgment interest, insofar as it includes interest on any future damages beyond the time of a verdict, is barred by the Due Process Clause of the Fourteenth Amendment, and also the Excessive Fines and Penalties Clause of the Eighth Amendment, as such prayer allows Plaintiffs to recover interest on unaccrued damages during a period of time when such damages are not yet due. Therefore such a request is arbitrary, unreasonable, and constitutes the imposition of an unlawful penalty.

4. Plaintiffs are not entitled to attorney's fees because Plaintiffs are not a prevailing party under 42 U.S.C. § 1988; on the contrary, Defendants are entitled to their attorney's fees.

## III. PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants, STARR COUNTY, TEXAS; OMAR ESCOBAR, in his official capacity as District Attorney for the 229th Judicial District; VICTOR CANALES JR., in his official capacity as County Attorney for Starr County; ELOY VERA, in his official capacity as County Judge for Starr County; JAIME ALVAREZ, in his official capacity as Starr County Commissioner for Precinct 1; RAUL PEÑA, III, in his official capacity as Starr County Commissioner for Precinct 2; ELOY GARZA, in his official capacity as Starr County

Commissioner for Precinct 3; RUBEN D. SAENZ, in his official capacity for Starr County Commissioner for Precinct 4; RENE "ORTA" FUENTES, in his official capacity as Sheriff for Starr County, pray that Plaintiffs recover naught by their suit, that Defendants recover their costs, including attorney's fees, and that Defendants be granted such other and further relief, at law or in equity, to which they may show themselves to be justly entitled.

Respectfully submitted,

By: */s/ Ysmael D. Fonseca*
    Eileen M. Leeds
    State Bar No. 00791093
    USDC Adm. No. 16799
    Email: eleeds@guerraleeds.com
    *Attorney In Charge*
    Ysmael D. Fonseca
    State Bar No. 240697926
    USDC Adm. No. 1139283
    Email: yfonseca@guerraleeds.com
    *Of Counsel*

    Guerra, Leeds, Sabo & Hernandez, P.L.L.C.
    1534 East 6th Street, Suite 200
    Brownsville, Texas 78520
    Telephone: 956-541-1846
    Facsimile: 956-541-1893
    *Of Counsel*

**ATTORNEYS FOR DEFENDANTS**
STARR COUNTY, TEXAS;
OMAR ESCOBAR, in his official capacity as District Attorney for the 229th Judicial District; VICTOR CANALES JR., in his official capacity as County Attorney for Starr County; ELOY VERA, in his official capacity as County Judge for Starr County; JAIME ALVAREZ, in his official capacity as Starr County Commissioner for Precinct 1; RAUL PEÑA, III, in his official capacity as Starr County Commissioner for Precinct 2; ELOY GARZA, in his official capacity as Starr County Commissioner for Precinct 3; RUBEN D. SAENZ, in his official capacity for Starr County Commissioner for Precinct 4; RENE "ORTA" FUENTES, in his official capacity as Sheriff for Starr County

## CERTIFICATE OF SERVICE

      I hereby certify that on the 14th day of May, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

*Via CM/ECF*
Ms. Nina Peralez
Ms. Celina Moreno
Ms. Alejandra Avila
Mexican American Legal Defense
and Educational Fund
110 Broadway, Suite 300
San Antonio, TX 78205

*Via CM/ECF*
Mr. Efren C. Olivares
Ms. Rebecca Harrison Stevens
Texas Civil Rights Project
1017 W. Hackberry Ave.
Alamo, Texas 78516

*Via CM/ECF*
Mr. J.M. Alvarez
Alvarez Law Firm
50 N. Britton Ave.
Rio Grande City, Texas 78582

                                                          /s/ *Ysmael D. Fonseca*
                                                              Ysmael D. Fonseca