IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| HILDA GONZALEZ GARZA AND ROSBELL BARRERA,<br>*Plaintiffs,*<br><br>v.<br><br>STARR COUNTY, TEXAS; OMAR ESCOBAR, in his official capacity as District Attorney for the 229th Judicial District; VICTOR CANALES JR., in his official capacity as County Attorney for Starr County; ELOY VERA, in his official capacity as County Judge for Starr County; JAIME ALVAREZ, in his official capacity as Starr County Commissioner for Precinct 1; RAUL PEÑA, III, in his official capacity as Starr County Commissioner for Precinct 2; ELOY GARZA, in his official capacity as Starr County Commissioner for Precinct 3; RUBEN D. SAENZ, in his official capacity for Starr County Commissioner for Precinct 4; RENE "ORTA" FUENTES, in his official capacity as Sheriff for Starr County.<br>*Defendants.* | § § § § § § § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 7:18-CV-00046 |

**DEFENDANTS' RESPONSE TO PLAINTIFFS'
MOTION FOR LEAVE TO AMEND COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COME NOW, Defendants, STARR COUNTY, TEXAS; OMAR ESCOBAR, in his official capacity as District Attorney for the 229th Judicial District; VICTOR CANALES JR., in his official capacity as County Attorney for Starr County; ELOY VERA, in his official capacity as County Judge for Starr County; JAIME ALVAREZ, in his official capacity as Starr County Commissioner for Precinct 1; RAUL PEÑA, III, in his official capacity as Starr County Commissioner for Precinct 2; ELOY GARZA, in his official capacity as Starr County Commissioner for Precinct 3; RUBEN D. SAENZ, in his official capacity for Starr County Commissioner for Precinct 4; RENE "ORTA" FUENTES, in his official capacity as Sheriff for Starr County**,** and file this their Response to

Plaintiffs' Motion for Leave to Amend Complaint (Doc. 29) and would respectfully show unto this Honorable Court the following:

I.

1. Generally, Plaintiffs take issue with the newly enacted electioneering regulations, and the permitting process to use certain County facilities and the express prohibition to use others. *See generally* (Doc. 35-1). Plaintiffs allege the electioneering regulations and use policy abridge their freedom of speech and their right to peaceably assemble. Plaintiffs also allege that the electioneering regulations and use policy violate Section 61.003 of the Texas Election Code and constitute *ultra vires* activity. However, in their proposed amendments, Plaintiffs have failed to identify what acts constitute the violation of the Texas Election Code and/or *ultra vires* activity. Without specifics, the proposed Amended Complaint remains vague and does not provide Defendants with adequate notice.

2. Pursuant to Section 61.003 of the Texas Election Code, electioneering may be subject to "reasonable regulations concerning the time, place, and manner." "Electioneering" is defined as "posting, use, or distribution of political signs or literature." The Starr County Building and Property Use Policy [herein after "Use Policy"] enacted on April 9, 2018 does not concern electioneering and makes no reference to electioneering. Nothing in the Use Policy would indicate that it is a regulation of electioneering activities. The Use Policy consists of content-neutral regulations of general applicability. Plaintiffs' proposed amendment does not identify the regulation or section contained in the Use Policy that allegedly constitutes a violation of Section 61.003 of the Texas Election Code.

3. Plaintiffs' proposed amendment also fails to specify how the entirety of the Starr County Electioneering Regulations [hereinafter "Electioneering Regulations"] enacted on May 9, 2018 violate Section 61.003 the Texas Election Code, especially in light of Texas Secretary of State's Election Advisory Opinion No. 2017-14 which provides, as an example, the authority to "prohibit[] electioneering on sidewalks or driveways to keep them clear for pedestrians and traffic." (Doc. 14, Ex. B). The Electioneering Regulations accomplish, in part, precisely what the Texas Secretary of State has declared as reasonable under the Texas Election Code.

4. Plaintiffs have failed to identify the act giving rise to an *ultra vires* claim and specify the

individual Defendant(s) alleged to have committed such act. Plaintiffs generally allege that enacting the Use Policy is an *ultra vires* act, but it is too general a statement to provide Defendants with notice. To assert an *ultra vires* claim, a suit must not complain of a government officer's exercise of discretion, but of "*either* an officer's failure to perform a ministerial act *or* an officer's exercise of [ ] *limited* discretion without reference to or in conflict with the constraints of the law." *Houston Belt & Terminal Ry. Co. v. City of Houston*, 487 S.W.3d 154. 163 (Tex. 2016) (emphasis in original). Therefore, without identifying the ministerial act(s) or exercise of limited discretion which is allegedly *ultra vires*, and who committed the alleged *ultra vires* act(s), Defendants cannot reasonably respond.

5. Finally, Plaintiffs' proposed amendment fails to specify against whom each cause of action is presented. Plaintiffs have asserted causes of action against Defendants generally, all concerning the enactment of a policy or regulation by Starr County's legislative body, but Defendants Omar Escobar, District Attorney for the 229th Judicial District, Victor Canales, Jr., County Attorney for Starr County, and Rene "Orta" Fuentes, Sheriff for Starr County, are not members of the legislative body. These individual Defendants have not been provided notice of the claims against them.

6. Based on the foregoing, Defendants oppose Plaintiffs proposed amendments.

II.

WHEREFORE, PREMISES CONSIDERED, Defendants, STARR COUNTY, TEXAS; OMAR ESCOBAR, in his official capacity as District Attorney for the 229th Judicial District; VICTOR CANALES JR., in his official capacity as County Attorney for Starr County; ELOY VERA, in his official capacity as County Judge for Starr County; JAIME ALVAREZ, in his official capacity as Starr County Commissioner for Precinct 1; RAUL PEÑA, III, in his official capacity as Starr County Commissioner for Precinct 2; ELOY GARZA, in his official capacity as Starr County Commissioner for Precinct 3; RUBEN D. SAENZ, in his official capacity for Starr County Commissioner for Precinct 4; RENE "ORTA" FUENTES, in his official capacity as Sheriff for Starr County, pray that the Court deny Plaintiffs' Motion, and grant such other and further relief, at law or in equity, to which Defendants may show themselves to be justly entitled.

Respectfully submitted,


By: __/s/ Ysmael D. Fonseca_____
      Eileen M. Leeds
      State Bar No. 00791093
      USDC Adm. No. 16799
      Email: eleeds@guerraleeds.com
      *Attorney In Charge*
      Ysmael D. Fonseca
      State Bar No. 240697926
      USDC Adm. No. 1139283
      Email: yfonseca@guerraleeds.com
      *Of Counsel*

      Guerra, Leeds, Sabo & Hernandez, P.L.L.C.
      1534 East 6th Street, Suite 200
      Brownsville, Texas 78520
      Telephone: 956-541-1846
      Facsimile: 956-541-1893
      *Of Counsel*

**ATTORNEYS FOR DEFENDANTS**
STARR COUNTY, TEXAS;
OMAR ESCOBAR, in his official capacity
as District Attorney for the 229th Judicial
District; VICTOR CANALES JR.,
in his official capacity as County Attorney
for Starr County; ELOY VERA, in his
official capacity as County Judge for
Starr County; JAIME ALVAREZ, in his
official capacity as Starr County
Commissioner for Precinct 1; RAUL PEÑA,
III, in his official capacity as Starr County
Commissioner for Precinct 2; ELOY GARZA,
in his official capacity as Starr County
Commissioner for Precinct 3; RUBEN D.
SAENZ, in his official capacity for Starr
County Commissioner for Precinct 4;
RENE "ORTA" FUENTES, in his official
capacity as Sheriff for Starr County

## CERTIFICATE OF SERVICE

      I hereby certify that on the 29th day of May, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

*Via CM/ECF*
Ms. Nina Peralez
Ms. Celina Moreno
Ms. Alejandra Avila
Mexican American Legal Defense
and Educational Fund
110 Broadway, Suite 300
San Antonio, TX 78205

*Via CM/ECF*
Mr. Efren C. Olivares
Ms. Rebecca Harrison Stevens
Texas Civil Rights Project
1017 W. Hackberry Ave.
Alamo, Texas 78516

*Via CM/ECF*
Mr. J.M. Alvarez
Alvarez Law Firm
50 N. Britton Ave.
Rio Grande City, Texas 78582

                                              /s/ *Ysmael D. Fonseca*
                                                Ysmael D. Fonseca