IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| HILDA GONZALEZ GARZA and ROSBELL BARRERA | § § § | |
| Plaintiffs, | § § § | |
| v. | § § | CIVIL ACTION NO. 7:18-cv-00046 |
| STARR COUNTY, *et al.*, | § § § | |
| Defendants. | § § | |

## PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR MORE DEFINITE STATEMENT

Plaintiffs HILDA GONZALEZ GARZA and ROSBELL BARRERA ("Plaintiffs") respectfully submit this Response to Defendants' Motion for More Definite Statement and request that Defendants' motion be denied in its entirety.  Defendants' Motion does not address any portion of Plaintiffs' pleading that is so unintelligible that Defendants could not understand the claims at issue. Each point raised in Defendants' motion is addressed fully by Plaintiffs' Second Amended Complaint. Moreover, Plaintiffs' Third Amended Complaint renders Defendants' Motion moot.

### Background

Plaintiffs filed this lawsuit on February 21, 2018, challenging the Starr County electioneering ban under the First Amendment to the United States Constitution and the Texas Election Code. Dkt. No. 1. Plaintiffs filed their First Amended Complaint on April 2, 2018, challenging the Starr County Building and Property Use Policy ("Policy"), which incorporated

the electioneering ban. Dkt. No. 24.  Thereafter, Defendants amended the policies at issue in this case, and Plaintiffs filed their Second Amended Complaint on May 5, 2018. Dkt. No. 29. Defendants then filed their Motion for More Definite Statement, challenging Plaintiffs' Second Amended Complaint. Dkt. No. 29.   In their motion, Defendants claim they require a more definite statement because they are unable to identify what acts constitute the violation of Section 61.003 of the Texas Election Code and *ultra vires* activity. *Id*. After they filed their motion, Defendants supplemented their policies with a new set of electioneering regulations ("Electioneering Regulation"); therefore, Plaintiffs filed a Motion for Leave to file their Third Amended Complaint on May 20, 2018.  Dkt. No. 35.

In their Motion for Leave, Plaintiffs request that they be allowed to file a new complaint addressing the new Electioneering Regulation and that Defendants' Motion for More Definite Statement, which pertains to the Second Amended Complaint, be denied as moot. *Id*. Because the Court has not yet ruled on Plaintiffs' Motion for Leave, Plaintiffs file this response to Defendants' Motion for More Definite Statement in an abundance of caution pursuant to the Court's order.  *See* Dkt. No. 39 ("The parties shall file responses to all pending Motions at least 2 days before the [June 5, 2018] hearing.").

### **Standard**

The standard for granting a motion for a more definite statement rests on the Court's determination that the "complaint is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e). Notably, "a motion for more definite statement is generally disfavored and is used to provide a remedy only for an unintelligible pleading rather than a correction for lack of detail." *Tempur-Pedic Int'l Inc. v. Angel Beds LLC*, 902 F. Supp. 2d 958,   971 (S.D. Tex. 2012) (citing   *Pension*

*Advisory Group, Ltd. v. Country Life Ins. Co.,* 771 F. Supp. 2d 680, 707 (S.D. Tex. 2011); *Travelers Indem. Co. of Connecticut v. Presbyterian Healthcare Res*., 313 F. Supp. 2d 648, 654 (N.D. Tex. 2004); *Davenport v. Rodriguez,* 147 F.Supp.2d 630, 639 (S.D. Tex. 2001)).

## Arguments and Authorities

Defendants ask that Plaintiffs identify the regulation or section of the Policy that constitutes a violation of Section 61.003 of the Texas Election Code. Plaintiffs' Second Amended Complaint answers this question clearly: "Defendants' Policy violates Section 61.003(a-1) of the Texas Election Code, which prohibits electioneering within 100 feet of the door of a polling place and requires jurisdictions like Starr County to permit electioneering beyond the 100-foot zone subject to reasonable time, place and manner regulations. Defendants' Policy is not a reasonable time, place and manner regulation under Section 61.003 of the Texas Election Code."  *See* Dkt. No. 29, ¶¶ 150-51.

Defendants also ask that Plaintiffs identify which "ministerial act(s) or exercise of limited discretion" they consider *ultra vires* and, additionally, which Defendants committed these act(s). Again, Plaintiffs' Second Amended Complaint provides clear answers to these questions: "Defendants are responsible for the administration of elections in Starr County, Texas and enforcement of laws related to elections. Texas law both constrains Defendants' election authority and prescribes specific, ministerial acts for election administration that Defendants must perform. Defendants have acted without legal authority by adopting a policy expressly prohibited by Texas Election Code § 61.003 and by expressing their intention to enforce the Policy."  *See* Dkt. No. 29, ¶ 154-55.  Similarly, the individual Defendants who committed these acts serve on the Starr County Commissioners' Court, the entity responsible for adopting the Policy and Electioneering Regulation. In addition, Defendants Canales, Escobar and Fuentes are the governmental attorneys and law enforcement officials responsible for enforcing the Policy

3

and Electioneering Regulations.  *Id*.; *see also* Dkt. No. 29, ¶¶ 7-14 (identifying individual

Defendants on the Starr County Commissioners' Court and Defendants Canales and Escobar).

**Conclusion**

For these reasons, Plaintiffs respectfully request that the Court DENY Defendants'

Motion for More Definite Statement and grant such other and further relief as this Court deems

just and proper.

Dated: June 1, 2018                                      Respectfully submitted,

**MEXICAN AMERICAN LEGAL DEFENSE
AND EDUCATIONAL FUND**
By: */s/  Nina Perales*
Nina Perales
State Bar No. 24005046
SDTX Bar No. 21127
nperales@maldef.org
Celina Moreno
State Bar No. 24074754
SDTX Bar No. 2867694
cmoreno@maldef.org
Alejandra Ávila
State Bar No. 24089252
SDTX Bar No. 2677912
aavila@maldef.org
110 Broadway, Suite 300
San Antonio, TX 78205
Tel: (210) 224-5476
Fax: (210) 224-5382

**TEXAS CIVIL RIGHTS PROJECT**
By: */s/ Efrén C. Olivares*
Efrén C. Olivares
State Bar No. 24065844
SDTX Bar No. 1015826
efren@texascivilrightsproject.org
Rebecca Harrison Stevens
State Bar No. 24065381*
beth@texascivilrightsproject.org

Emma E. Hilbert
SDTX Bar No. 2942270
emma@texascivilrightsproject.org
1017 W. Hackberry Ave.
Alamo, Texas 78516
Tel: (956) 787-8171 ext. 121
*Admitted *pro hac vice*

Attorneys for Plaintiffs HILDA GONZALEZ
GARZA and ROSBELL BARRERA

## Certificate of Service

The undersigned counsel hereby certifies that, on the 1st day of June, 2018, she has electronically submitted a true and correct copy of the above and foregoing Response to Defendants' Motion for More Definite Statement via the Court's electronic filing system, which will serve a copy on all counsel of record for Defendants.

/s/ Alejandra Ávila
Alejandra Ávila

5