IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| HILDA GONZALEZ GARZA AND ROSBELL BARRERA,<br>    *Plaintiffs,* | § § § § § | |
| v. | § § | CIVIL ACTION NO. 7:18-CV-00046 |
| STARR COUNTY, TEXAS; OMAR ESCOBAR, in his official capacity as District Attorney for the 229th Judicial District; VICTOR CANALES JR., in his official capacity as County Attorney for Starr County; ELOY VERA, in his official capacity as County Judge for Starr County; JAIME ALVAREZ, in his official capacity as Starr County Commissioner for Precinct 1; RAUL PEÑA, III, in his official capacity as Starr County Commissioner for Precinct 2; ELOY GARZA, in his official capacity as Starr County Commissioner for Precinct 3; RUBEN D. SAENZ, in his official capacity for Starr County Commissioner for Precinct 4; RENE "ORTA" FUENTES, in his official capacity as Sheriff for Starr County.<br>    *Defendants*. | § § § § § § § § § § § § § § § § § § § § § | |

## DEFENDANTS' ORIGINAL ANSWER TO PLAINTIFFS' FIFTH AMENDED COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

    COME NOW, Defendants, STARR COUNTY, TEXAS; OMAR ESCOBAR, in his official capacity as District Attorney for the 229th Judicial District; VICTOR CANALES JR., in his official capacity as County Attorney for Starr County; ELOY VERA, in his official capacity as County Judge for Starr County; JAIME ALVAREZ, in his official capacity as Starr County Commissioner for Precinct 1; RAUL PEÑA, III, in his official capacity as Starr County Commissioner for Precinct 2; ELOY GARZA, in his official capacity as Starr County Commissioner for Precinct 3; RUBEN D. SAENZ, in his official capacity for Starr County Commissioner for Precinct 4; RENE "ORTA"

FUENTES, in his official capacity as Sheriff for Starr County, and file this their Original Answer to Plaintiffs' Fifth Amended Complaint (Doc. 63) and would respectfully show unto this Honorable Court the following:

## I. ANSWER

Defendants deny each and all of Plaintiffs' allegations in their Fifth Amended Complaint, except to the extent expressly admitted herein:

1. Defendants deny the allegations in Paragraph 1.
2. Defendants deny the allegations in Paragraph 2 that the Building and Property Use Policy's permit application process is burdensome and that Plaintiffs are prohibited from exercising their First Amendment rights on certain properties during County holidays.
3. Defendants deny the allegations in Paragraph 3.
4. Defendants can neither admit nor deny the residency of Plaintiffs and their intentions to electioneer as alleged in Paragraph 4 due to lack of knowledge or information sufficient to form a belief about the truth of such statements.
5. Defendants admit the Court has jurisdiction and that venue is proper as set fort in Paragraphs 5 through 7.
6. Defendants can neither admit nor deny the residency of Plaintiffs, their status as registered voters, or their electioneering intentions as set for in Paragraphs 8 through 10.
7. Defendants admit the statements in Paragraphs 11 through 16.
8. Defendants deny the allegations in Paragraphs 17 through 19 regarding the responsibility to enforce the "Electioneering Order" because it has been ruled as vague and unenforceable, and has been revoked by the April 9, 2018 Building and Property Use Policy. Defendants admit the remaining statements in Paragraphs 17 through 19.
9. Defendants admit the statements in both paragraphs numbered "20."
10. Defendants admit the statements in Paragraphs 21 through 25.
11. Defendants can neither admit nor deny the allegations in Paragraphs 26 and 27 until the

alleged statements have been properly authenticated due to lack of knowledge or information sufficient to form a belief about the truth of such statements.

12. Defendants admit the statements in Paragraph 28.

13. Defendants can neither admit nor deny the statements in Paragraphs 29 through 42 due to lack of knowledge or information sufficient to form a belief about the truth of such statements.

14. Defendants deny the allegations in Paragraph 43 and 44 that the April 9 Policy and May 9 Electioneering Regulation were adopted without public discussion; the Commissioners' Court enacted the Policy and Regulations in accordance with the Open Meetings Act. Defendants admit the remaining statements in Paragraphs 43 and 44.

15. Defendants deny the allegations in Paragraph 45.

16. Defendants admit the statements in Paragraph 46.

17. Defendants admit the statements in Paragraphs 47 through 53, except for the statement that the June 25 Policy was revised "only as a result of months of litigation."

18. Defendants admit that the June 25 Policy is quoted correctly in Paragraph 54.

19. Defendants deny the allegation in Paragraph 55.

20. Defendants admit the statement in Paragraph 56.

21. Defendants admit that the June 25 Policy is quoted correctly in Paragraph 57, but denies that the definition of "buildings and facilities" includes all greens and lawns because there are exclusions to the definition elsewhere in the Policy.

22. Defendants deny that the requirements referenced in Paragraph 58 are "onerous."

23. Defendants admit the statements in Paragraphs 59 through 62.

24. Defendants admit the Policy is quoted correctly in Paragraph 63, but deny that an application for a permit is necessary for use of the Courthouse lawns as is implied in Paragraph 63.

25. Defendants admit the statements in Paragraph 64.

26. Defendants deny the allegations in Paragraph 65.

27. Defendants can neither admit nor deny Plaintiff Mascorro's age as stated in Paragraph 66 due to lack of knowledge or information sufficient to form a belief about the truth of such statement. Defendants admit permit applicants must be at least 21-years-old under the Use Policy, but deny that the Use Policy forbids anyone from "advocating for himself and talking to voters any day of the year on county-owned property" as alleged in Paragraph 66.

28. The Use Policy is quoted correctly, but Defendants deny the allegations in Paragraphs 67 through 70.

29. Defendants admit the statement in Paragraph 71.

30. The Use Policy is quoted correctly, but Defendants deny the allegations in Paragraphs 72 and 73.

31. Defendants deny the allegation in Paragraph 74 that posting political signs in public fora in parks and sidewalks is prohibited. The remainder of Paragraph 74 is admitted.

32. Defendants admit the statements in Paragraph 75.

33. Defendants admit the statements in Paragraphs 76 through 88.

34. Defendants deny the allegations in Paragraph 89.

35. Defendants admit the statement in Paragraph 90.

36. Defendants deny the statement in Paragraph 91—one map does not have a Designated Area for Electioneering.

37. Defendants admit the statement in Paragraph 92, but would show that the "strips of paved areas near El Cenizo" are actually sidewalks.

38. Defendants admit the statements in Paragraphs 93 through 95.

39. Defendants can neither admit nor deny the statements in Paragraph 96 at this time due to lack of knowledge or information sufficient to form a belief about the truth of such statement.

40. Defendants admit the veracity of the statement in Paragraph 97.

41. Defendants deny the allegations in Paragraph 98, but can neither admit nor deny statements referring to Plaintiffs' fears due to lack of knowledge or information sufficient to form a belief about the truth of such statement.

42. Defendants can neither admit nor deny statements in Paragraph 99 referring to Plaintiffs' fears due to lack of knowledge or information sufficient to form a belief about the truth of such statements, but deny the implication that the exercise of the rights to free speech and to assemble peaceably is prohibited on the Courthouse lawns.

43. Defendants can neither admit nor deny the statements in Paragraphs 100 through 106 concerning Plaintiffs' fears, political engagement and electioneering activities due to lack of knowledge or information sufficient to form a belief about the truth of such statement. However, Defendants deny the implications that the exercise of the rights to free speech and to assemble peaceably is prohibited on the Courthouse lawns and sidewalks.

44. Defendants deny the statements in Paragraph 107.

45. Defendants admit the statements in Paragraph 108.

46. Defendants can neither admit nor deny statement in Paragraph 109 due to lack of knowledge or information sufficient to form a belief about the truth of such statement.

47. Defendants can neither admit nor deny statements in Paragraphs 110 and 111 due to lack of knowledge or information sufficient to form a belief about the truth of such statements.

48. Defendants can neither admit nor deny the statement in Paragraph 112 referring to Plaintiffs' fears due to lack of knowledge or information sufficient to form a belief about the truth of such statements.

49. No response is necessary for Paragraph 113.

50. The statements in Paragraphs 114 and 115 purport to be statements of law which

Defendants need not admit or deny.

51. Defendants deny the allegations in Paragraphs 116 through 120, and would move for a more definite statement.

52. No response is necessary for Paragraph 121.

53. The statements in Paragraphs 122 and 123 purport to be statements of law which Defendants need not admit or deny.

54. Defendants deny the allegations in Paragraphs 124 through 128, and would move for a more definite statement.

55. No response is necessary for Paragraph 129.

56. The statements in Paragraphs 130 and 131 purport to be statements of law which Defendants need not admit or deny.

57. Defendants deny the allegations in Paragraph 132, and would move for a more definite statement.

58. No response is necessary for Paragraph 133.

59. The statements in Paragraphs 134 and 135 purport to be statements of law which Defendants need not admit or deny.

60. Defendants deny the allegations in Paragraphs 136 and 137, and would move for a more definite statement.

61. No response is necessary for Paragraph 138.

62. The statements in Paragraph 139 purports to be statement of law which Defendants need not admit or deny.

63. Defendants deny the allegations in Paragraphs 140 and 141, and would move for a more definite statement.

64. Defendants deny that Plaintiffs are entitled to any relief requested in their Prayer.

## II. AFFIRMATIVE DEFENSES

Defendants, by way of further answer, if any may be needed, allege by way of affirmative

defenses:

1. Defendants would show that there have been no violations of Plaintiffs' constitutional rights.

2. Defendants would show that they are immune from liability for punitive damages under 42 U.S.C. § 1983. Defendants would further show that punitive/exemplary damages are limited by the Fourteenth Amendments' Due Process Clause.

3. Defendants would further assert that any request for pre-judgment interest, insofar as it includes interest on any future damages beyond the time of a verdict, is barred by the Due Process Clause of the Fourteenth Amendment, and also the Excessive Fines and Penalties Clause of the Eighth Amendment, as such prayer allows Plaintiffs to recover interest on unaccrued damages during a period of time when such damages are not yet due. Therefore such a request is arbitrary, unreasonable, and constitutes the imposition of an unlawful penalty.

4. Plaintiffs are not entitled to attorney's fees because Plaintiffs are not a prevailing party under 42 U.S.C. § 1988; on the contrary, Defendants are entitled to their attorney's fees and hereby pray for recovery of the same.

### III. PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants, STARR COUNTY, TEXAS; OMAR ESCOBAR, in his official capacity as District Attorney for the 229th Judicial District; VICTOR CANALES JR., in his official capacity as County Attorney for Starr County; ELOY VERA, in his official capacity as County Judge for Starr County; JAIME ALVAREZ, in his official capacity as Starr County Commissioner for Precinct 1; RAUL PEÑA, III, in his official capacity as Starr County Commissioner for Precinct 2; ELOY GARZA, in his official capacity as Starr County Commissioner for Precinct 3; RUBEN D. SAENZ, in his official capacity for Starr County Commissioner for Precinct 4; RENE "ORTA" FUENTES, in his official capacity as Sheriff for Starr County, pray that Plaintiffs recover naught by their suit, that Defendants recover their costs,

including attorney's fees under 42 U.S.C. § 1988, and that Defendants be granted such other and further relief, at law or in equity, to which they may show themselves to be justly entitled.

Respectfully submitted,

By: */s/ Ysmael D. Fonseca*
Eileen M. Leeds
State Bar No. 00791093
USDC Adm. No. 16799
Email: eleeds@guerraleeds.com
*Attorney In Charge*
Ysmael D. Fonseca
State Bar No. 240697926
USDC Adm. No. 1139283
Email: yfonseca@guerraleeds.com
*Of Counsel*

Guerra, Leeds, Sabo & Hernandez, P.L.L.C.
1534 East 6th Street, Suite 200
Brownsville, Texas 78520
Telephone: 956-541-1846
Facsimile: 956-541-1893
*Of Counsel*

**ATTORNEYS FOR DEFENDANTS**
STARR COUNTY, TEXAS;
OMAR ESCOBAR, in his official capacity
as District Attorney for the 229th Judicial
District; VICTOR CANALES JR.,
in his official capacity as County Attorney
for Starr County; ELOY VERA, in his
official capacity as County Judge for
Starr County; JAIME ALVAREZ, in his
official capacity as Starr County
Commissioner for Precinct 1; RAUL PEÑA,
III, in his official capacity as Starr County
Commissioner for Precinct 2; ELOY GARZA,
in his official capacity as Starr County
Commissioner for Precinct 3; RUBEN D.
SAENZ, in his official capacity for Starr
County Commissioner for Precinct 4;
RENE "ORTA" FUENTES, in his official
capacity as Sheriff for Starr County

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of September, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

*Via CM/ECF*
Ms. Nina Peralez
Ms. Celina Moreno
Ms. Alejandra Avila
Mexican American Legal Defense
and Educational Fund
110 Broadway, Suite 300
San Antonio, TX 78205

*Via CM/ECF*
Mr. Efren C. Olivares
Ms. Rebecca Harrison Stevens
Texas Civil Rights Project
1017 W. Hackberry Ave.
Alamo, Texas 78516

*Via CM/ECF*
Mr. J.M. Alvarez
Alvarez Law Firm
50 N. Britton Ave.
Rio Grande City, Texas 78582

/s/ *Ysmael D. Fonseca*
Ysmael D. Fonseca