IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| HILDA GONZALEZ GARZA AND ROSBELL BARRERA, *Plaintiffs,* | § § § § | |
| v. | § § | CIVIL ACTION NO. 7:18-CV-00046 |
| STARR COUNTY, TEXAS; OMAR ESCOBAR, in his official capacity as District Attorney for the 229th Judicial District; VICTOR CANALES JR., in his official capacity as County Attorney for Starr County; ELOY VERA, in his official capacity as County Judge for Starr County; JAIME ALVAREZ, in his official capacity as Starr County Commissioner for Precinct 1; RAUL PEÑA, III, in his official capacity as Starr County Commissioner for Precinct 2; ELOY GARZA, in his official capacity as Starr County Commissioner for Precinct 3; RUBEN D. SAENZ, in his official capacity for Starr County Commissioner for Precinct 4; RENE "ORTA" FUENTES, in his official capacity as Sheriff for Starr County. *Defendants*. | § § § § § § § § § § § § § § § § § § § § § § § | |

## DEFENDANTS' RESPONSE TO PLAINTIFFS' CROSS MOTION FOR JUDGMENT ON THE PLEADINGS

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COME NOW, Defendants, STARR COUNTY, TEXAS; OMAR ESCOBAR, in his official capacity as District Attorney for the 229th Judicial District; VICTOR CANALES JR., in his official capacity as County Attorney for Starr County; ELOY VERA, in his official capacity as County Judge for  Starr County; JAIME ALVAREZ, in his official capacity as Starr County Commissioner for Precinct 1; RAUL PEÑA, III, in his official capacity as Starr County Commissioner for Precinct 2; ELOY GARZA, in his official capacity as Starr County Commissioner for Precinct 3; RUBEN D. SAENZ, in his official capacity for Starr County Commissioner for Precinct 4; RENE "ORTA" FUENTES, in his official capacity as Sheriff for Starr County**,** and file this their Response to

Plaintiffs' Cross Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c), and respectfully show unto the Court the following:

1.      Defendants incorporate by reference their Motion for Judgment on the Pleadings (Doc. 67) in response to Plaintiffs' Motion, and re-urges the same. To the extent a reply is necessary, Defendants set forth the following:

2.      Plaintiffs argue that Defendant Canales' reading of the Electioneering Regulation is at odds with the plain language of the Regulation because he allegedly stated "electioneering is 'prohibited everywhere you don't see the green' in the attached maps in Exhibit A." (Doc. 68, at p.5). And that statement is true considering that the maps are in color and the green areas include the parks and lawns of polling locations and the Designated Areas for Electioneering. The areas where electioneering would be prohibited are sidewalks not designated for electioneering and parking lots. As Defendants have stated repeatedly, when considering enjoining the enforcement of a statute, ordinance or policy enacted by a democratically elected body, "every reasonable construction must be resorted to in order to save [it] from unconstitutionality."*National Federation of Independent Business v. Sebelius*, 567 U.S. 519, 563 (2012) *quoted in Voting for Am., Inc. v. Andrade*, 488 F. App'x 890, 895 (5th Cir. 2012). It is presumed that the legislative body "intended a just and reasonable result". *City of Rockwall v. Hughes*, 246 S.W.3d 621, 626 (Tex. 2008) (citations omitted).

3.      Simply because Plaintiffs say that electioneering on grassy areas is a disputed material fact does not make it so. *See* (Doc. 68, at p.6). There is simply no basis for such statement; none of the policies and regulations at issue in this case have banned speech or regulated electioneering on grassy areas. On the contrary, the County has explicitly stated that parks and the Courthouse lawns are public spaces. "[I]f it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief," dismissal is proper. *Scanlan v. Texas A & M University*, 343 F.3d 533, 536 (5th Cir. 2003). Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). In this case where the Court has the language of the legislation at issue and can interpret its meaning, nothing more is needed and can dismiss Plaintiffs' conclusory statements.

4.      Plaintiffs argue that the Electioneering Regulations are under-inclusive and over-inclusive, seemingly arguing that more types of speech should be restricted  while arguing that they should encompass fewer manners of speech in order for the Regulations to be constitutional. (Doc. 68, at p.7). Plaintiffs argue that the by focusing on political speech and not other types of speech, the County has not targeted and eliminated "the exact source of the 'evil' it seeks to remedy." *Frisby v. Shultz*, 487 U.S. 474, 485 (1988). But that is precisely what the County set out to do, a fact that can be easily ascertained by the restriction of the regulations to polling locations during voting periods only; these regulations apply for short periods of time and in very few locations to achieve the goal of granting unimpeded and safe access to polling sites and buildings on polling sites. Plaintiffs also argue that the Regulations allow an individual to stand on a sidewalk wearing a political t-shirt but does not allow individuals to stand on the sidewalk to advocate, but Plaintiffs have ignored that the regulations, (Doc. 67, Ex. B, at § 4(f)), prohibit interfering with citizen access to polling locations, not simply electioneering—and the regulation specifically excludes passive expressions of speech to protect free speech activities that would not further the County's goals of protecting citizen access to polling sites and buildings.

5.      Plaintiffs seems to argue that the County does not care about driver distraction because it has created a Designated Area of Electioneering in a partially cemented area of La Rosita next to the highway. But Plaintiffs fail to note that the area is approximately 28 feet away from the highway:



The County has balanced driver safety with the interest of providing citizens an area for electioneering at a location where there would otherwise be no electioneering opportunities.

6.      Plaintiffs argue that strict scrutiny applies to review the permit application process for an individual under the age of 21 in *non-public fora*. Plaintiffs are mistaken. Plaintiffs can exercise their freedoms of speech and to assemble on public fora without any restriction. The County is allowing spaces on county property that are typically reserved for official business or that are available to the public for public purposes, *i.e.* libraries, to be limited for private use. The County has the right to limit the use of these spaces when an individual seeks the limited and private use of such spaces.

7.      According to Plaintiffs, the County "make[s] no effort to address the constitutionality of the permitting scheme with respect to lawns and greens at . . . La Rosita Library, El Cenizo, and the Courthouse Annex." (Doc. 68, at p.12). But 1) the La Rosita Park, adjacent to La Rosita Library, has been designated a County Park and is, thus, a public space not subject to permitting requirements, (Doc. 67, Ex. A, Attach. C), 2) the La Casita Park at El Cenizo has been designated a County Park and is, thus, a public space not subject to permitting requirements, (Doc. 67, Ex. A, Attach. C), and 3) the green space at the Courthouse Annex, adjacent to FM 3167, does not belong to Starr County:



9.      Considering the five scenarios in Plaintiffs' Response, Defendant would state the following:

a)      Plaintiffs misconstrue the Electioneering Regulations. The Courthouse greens adjacent to the sidewalks which are outside the 100-foot buffer zone are available to Plaintiffs to talk to voters and offer campaign cards. Nowhere in the Electioneering Regulations does the County prohibit electioneering on the Courthouse lawns.

b)       Plaintiffs are correct, no unattended signs may be staked into County property; there is no constitutional right to do so.

c)      Plaintiffs misconstrue the Electioneering Regulations and Use Policy or do not understand what they say: i) the space outside the El Cenizo Park Community Center is precisely that, a park, which is not subject to the permitting requirements of the Use Policy and electioneering is not prohibited in this area pursuant to the Electioneering regulations; ii) the space outside the Zarate Park Community Center is precisely that, a park, which is not subject to the permitting requirements of the Use Policy and electioneering is not prohibited in this area pursuant to the Electioneering regulations; iii) the Starr County Fairgrounds are not open to the general public except for when events are held, and they are not designated as a polling location; iv) the green space between the Courthouse Annex and FM 3167 is not County property and Plaintiff can electioneer pursuant to the Use Policy and Electioneering Regulations; v) Mr. Mascorro can use the sidewalks outside La Rosita Library to electioneer except during voting periods because the area falls within the 100-foot buffer zone.

d)       Plaintiffs misconstrue the Electioneering Regulations and Use Policy or do not understand what they say: i) the area outside the 100-foot perimeter at La Rosita is a parking lot, to be used exclusively for parking, that is why the County has created Designated Areas for Electioneering on the edges of the parking lot for electioneering; Plaintiffs can electioneer in these areas; ii) the Starr County Fairgrounds are not open to the general public except for when events are held, and

they are not designated as a polling location, but Plaintiffs may stand outside on the sidewalks to electioneer because they are public spaces; iii) the space outside the El Cenizo Park Community Center is precisely that, a park, which is not subject to the permitting requirements of the Use Policy and electioneering is not prohibited in this area pursuant to the Electioneering regulations; iv)  the green space between the Courthouse Annex and FM 3167 is not County property and Plaintiff can electioneer pursuant to the Use Policy and Electioneering Regulations; v) the space outside the Zarate Park Community Center is precisely that, a park, which is not subject to the permitting requirements of the Use Policy and electioneering is not prohibited in this area pursuant to the Electioneering regulations.

e)     Plaintiffs are correct that they must apply for a permit to use the community centers, the Fairgrounds, the Courthouse Annex conference room, and La Rosita Library to hold an event; they can, however, use the sidewalks and parks surrounding these areas. Plaintiffs do not have a right to take spaces with scheduled activities at the community centers, fairgrounds and libraries without an orderly process, and the Courthouse Annex is reserved for use by the County, and the County is under no obligation to make it available for immediate use—it is not a public forum.

10.     Despite Plaintiffs contention, Defendants seek judgment on all of Plaintiffs claims.

11.     Defendants believe that the remaining issues raised in Plaintiffs' Response and Cross Motion for Judgment on the Pleadings have already been addressed in their own Motion.

WHEREFORE, PREMISES CONSIDERED, Defendants, STARR COUNTY, TEXAS; OMAR ESCOBAR, in his official capacity as District Attorney for the 229th Judicial District; VICTOR CANALES JR., in his official capacity as County Attorney for Starr County; ELOY VERA, in his official capacity as County Judge for Starr County; JAIME ALVAREZ, in his official capacity as Starr County Commissioner for Precinct 1; RAUL PEÑA, III, in his official capacity as Starr County Commissioner for Precinct 2; ELOY GARZA, in his official capacity as Starr County Commissioner for Precinct 3; RUBEN D. SAENZ, in his official capacity for Starr County

Commissioner for Precinct 4; RENE "ORTA" FUENTES, in his official capacity as Sheriff for Starr County, pray that this Court grant their Motion for Judgment on the Pleadings, enter judgment dismissing all of Plaintiffs' claims, order that Defendants recover all costs incurred herein, including attorney's fees, and grant Defendants such other and further relief, at law or in equity, to which they may show themselves to be justly entitled.

Respectfully submitted,

By:   /s/ Ysmael D. Fonseca
      Eileen M. Leeds
      State Bar No. 00791093
      USDC Adm. No. 16799
      Email: eleeds@guerraleeds.com
      *Attorney In Charge*
      Ysmael D. Fonseca
      State Bar No. 240697926
      USDC Adm. No. 1139283
      Email: yfonseca@guerraleeds.com
      *Of Counsel*

      Guerra, Leeds, Sabo & Hernandez, P.L.L.C.
      1534 East 6th Street, Suite 200
      Brownsville, Texas 78520
      Telephone: 956-541-1846
      Facsimile: 956-541-1893
      *Of Counsel*
      **ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF CONFERENCE

Pursuant to LR 7.1 D, a certificate of conference is not required.

_____/s/ Ysmael D. Fonseca_____
Ysmael D. Fonseca


## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of October, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

*Via CM/ECF*
Ms. Nina Peralez
Ms. Celina Moreno
Ms. Alejandra Avila
Mexican American Legal Defense
and Educational Fund
110 Broadway, Suite 300
San Antonio, TX 78205

*Via CM/ECF*
Mr. Efren C. Olivares
Ms. Rebecca Harrison Stevens
Ms. Emma Hilbert
Texas Civil Rights Project
1017 W. Hackberry Ave.
Alamo, Texas 78516

*Via CM/ECF*
Mr. J.M. Alvarez
Alvarez Law Firm
50 N. Britton Ave.
Rio Grande City, Texas 78582

_____/s/ Ysmael D. Fonseca_____
Ysmael D. Fonseca