IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| HILDA GONZALEZ GARZA, *et al*. | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 7:18-CV-00046 |
| | § | |
| STARR COUNTY, TEXAS, *et al*. | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFFS' REPLY IN SUPPORT OF PLAINTIFFS' CROSS MOTION FOR
JUDGMENT ON THE PLEADINGS**

Plaintiffs Hilda Gonzalez Garza, *et al*. ("Plaintiffs") respectfully submit this Reply in Support of Plaintiffs' Cross Motion for Judgment on the Pleadings.

In their Response (Dkt. 72), Defendants fail to address a host of Plaintiffs' legal arguments, offer no legal support for the arguments Defendants do present, and improperly seek to introduce factual allegations outside the pleadings, which this Court may not consider for purposes of a motion for judgment on the pleadings under Rule 12(c). Judgment in favor of Plaintiffs is warranted because:

- Defendants incorrectly claim that strict scrutiny does not apply to Plaintiffs' Equal Protection challenge to the County's permitting process for using public property. *See* Dkt. 72 ¶ 6. It is well-established that government classifications infringing on fundamental rights are subject to strict scrutiny under the Equal Protection Clause of the Fourteenth Amendment. *See* Dkt. 68 at 9. Defendants' failure to address the correct legal standard entitles Plaintiffs to judgment on this claim.

- Defendants maintain that "Plaintiffs misconstrue the Electioneering Regulations," *see* Dkt. 72 ¶ 9(a), but even under Defendants' own construction the Electioneering Regulation must be invalidated as unconstitutional. *See* Dkt. 68 at 17.

- Defendants improperly seek to introduce factual allegations outside the pleadings in support of their arguments, but this Court may not consider these allegations, which essentially amount to attorney arguments, for purposes of the parties' competing motions under Rule 12(c). *See* Dkt. 72 ¶¶ 5, 7, 9(c)-(d).

1

- Defendants fail to respond to Plaintiffs' arguments that the Property Use Policy violates the First Amendment, maintaining only (and incorrectly) that the Courthouse lawns are not subject to regulation under the Policy and this fact saves the Policy from unconstitutionality.  *See id.* ¶¶ 3, 7, 9(c).  However, even assuming the Courthouse lawns are exempt from the Policy, the Policy remains unconstitutional because, among other things, it applies to other County-owned lawns.

- Defendants fail to respond to Plaintiffs' argument that the Property Use Policy and Electioneering Regulation are vague and overbroad under the First Amendment, *see id.* ¶ 10 (offering no legal argument), thus entitling Plaintiffs to judgment on these claims.

- Defendants do not respond to Plaintiffs' argument that Defendants Escobar, Canales, and Fuentes are responsible for and indeed enforce the Property Use Policy and Electioneering Regulation and, therefore, are proper defendants in this case.

For these reasons and the reasons more fully set forth below and in Plaintiffs' Cross Motion for Judgment on the Pleadings, Plaintiffs respectfully request that the Court grant their motion and deny Defendants' motion for judgment on the pleadings.

## I.    ARGUMENT

### A.    <u>Applicable Legal Standard</u>

Where, as here, the facts are largely undisputed, judgment on the pleadings in favor of Plaintiffs is appropriate.  *See Allstate Ins. Co. v. Mauldin*, 869 F. Supp. 478, 479 (W.D. Tex. 1994) ("A motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c) . . . should be granted only if there is no issue of material fact, and if the pleadings show that the moving party is entitled to prevail as a matter of law.") (granting judgment in favor of plaintiffs).

The challenged County regulations are plain on their face and Defendants' pleadings do not contest how and to whom the challenged regulations apply.  Even where Defendants have pleaded different facts, those different facts do not salvage the challenged policies.  *See Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007) ("The court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.") (internal quotation marks omitted) (reversing judgment on the pleadings granted by district court in favor of defendant).

2

When the policy at issue in the lawsuit is plain on its face, and the defendants do not dispute the legal standards for evaluating the policy, Plaintiffs are entitled to judgment on the pleadings. *See Phillips Petroleum Co. v. Int'l Bhd. of Boilermakers, Iron Ship Builders, Blacksmiths, Forgers & Helpers*, AFL-CIO, Local No. 682, 251 F. Supp. 2d 1354, 1361 (S.D. Tex. 2003) (denying defendants' motion for judgment on the pleadings and granting plaintiffs' motion for judgment on the pleadings). Facts outside the pleadings, protestations of good faith, and requests for judicial revision of the policy are unavailing.

**B. Plaintiffs are Entitled to Judgement That the Electioneering Regulation is Unconstitutional**

The Starr County Attorney explained: under the Electioneering Regulation, electioneering "is prohibited everywhere where you don't see the green." Dkt. 63 ¶ 96 (referring to maps available at Dkt. 36-2 at 70-73).

Defendants do not dispute that the Electioneering Regulation is a content-based restriction of speech subject to a heightened standard of review. *See* Dkt. 72 ¶ 2. They also do not dispute their County Attorney's statements interpreting the Regulation. *Id*. Instead, Defendants continue to argue that the Court must re-write the Electioneering Regulation because it was "enacted by a democratically elected body" and therefore the Court must presume that the Starr County Commissioners' Court "intended a just and reasonable result." *Id*. However, it is well established that content-based regulations of speech are presumptively unconstitutional. *See Reed v. Town of Gilbert, Ariz.*, 135 S. Ct. 2218, 2226 (2015). Defendants' Electioneering Regulation is not entitled to the benefit of the doubt.

Defendants ask this Court to rewrite the Electioneering Regulation so that it only prohibits electioneering on "sidewalks not designated for electioneering and parking lots." *See* Dkt. 72 ¶ 2. For the reasons more fully set forth in Plaintiffs' cross motion, this reading is

incorrect.  *See* Dkt. 68 at 5-6.  The Electioneering Regulation bans electioneering in many more public fora, including lawns, parks, and green areas.  *Id.*

However, even if the Court were willing to re-write the Regulation, this content-based regulation of speech nonetheless fails to pass constitutional muster.  As this Court has recognized, sidewalks are public fora, and any government regulation of speech in these fora is subject to strict scrutiny review.  *See* Dkt. 18 at 7; *Perry Educ. Ass'n v. Perry Local Educators' Ass'n*, 460 U.S. 37, 45 (1983).  Defendants fail to explain how their Regulation is narrowly tailored to serve any compelling interest.  For example, Defendants fail to explain how banning *only political speech* outside County buildings is narrowly tailored to the County's purported interests in preventing driver distraction and ensuring access to the polls.  *See* Dkt. 68 at 7.  Defendants also do not explain how the Regulation's ban on verbal advocacy on sidewalks (while permitting wearing a t-shirt on the same sidewalks) is constitutional and furthers any of the County's purported goals.  *Id.*  Because Defendants have failed to carry their burden to show the Electioneering Regulation is constitutional, Plaintiffs respectfully request that the Court enter judgment in their favor.

### C. Plaintiffs are Entitled to Judgement the Property Use Policy Violates the Equal Protection Clause

With respect to the challenged Property Use Policy, Defendants incorrectly argue that strict scrutiny does not apply to Plaintiff Mascorro's Equal Protection challenge to the permit application process; however, they offer no basis for this argument.  *See id.* ¶ 6 (noting only that "Plaintiffs are mistaken" as to the standard of review).

The County's Property Use Policy flatly prohibits Plaintiff Mascorro, because of his age, from applying to speak at six County locations, including the green areas of the Courthouse Annex and two community centers.  *See* Dkt. 63 ¶¶ 65-66.  Defendants do not dispute that the

Property Use Policy's age classification affects Plaintiff Mascorro's fundamental rights, and as noted in Plaintiffs' cross motion for judgment on the pleadings, government restrictions of fundamental rights on the basis of age are subject to strict scrutiny review under well-established Supreme Court precedent. *See* Dkt. 68 at 9. Defendants appear to conflate the standard of review under the First Amendment and the Equal Protection Clause by arguing the age restriction only regulates speech in "nonpublic fora." Dkt. 72 ¶ 6. However, whether the challenged regulation applies to public or nonpublic fora is immaterial for purposes of the Equal Protection Clause of the Fourteenth Amendment, and Defendants cite to no law in support of their position. Defendants' argument is simply without merit.

In addition, Defendants do not attempt to explain how the Property Use Policy's ban on Plaintiff Mascorro's speech survives strict scrutiny review. *See id.* (noting only that "Plaintiffs can exercise their freedom of speech and to assemble" on other County property and "[t]he County has the right to limit the use of these spaces."). Plaintiffs therefore are entitled to judgment on this claim.

**D.   <u>Plaintiffs are Entitled to Judgement That the Policy Violates the First Amendment</u>**

The County offers little to rebut Plaintiffs' First Amendment challenge to the Property Use Policy. Defendants simply refer to their motion for judgment on the pleadings and continue to reiterate that "the County has explicitly stated that parks and the Courthouse lawns are public spaces" and not subject to the permit requirements. *Id.* ¶ 3.

The County's position fails for three reasons. First, Defendants misread their own Policy. The challenged Policy requires a permit to use "structures" *and* "surrounding property" at six County-owned locations. *See See* Dkt. 63 ¶ 57; Dkt. 68 at 11. As a result, the lawns and other green spaces at these locations are subject to the Policy's limits on their public use. Defendants'

claim in their Response that these lawns and other green spaces are somehow exempted from the Policy as "parks" contradicts the plain language of the Policy.  *See* Dkt. 72 ¶ 7.

Second, Defendants incorrectly suggest that the Policy passes constitutional muster if Plaintiffs' speech and assembly is limited to sidewalks and parks.  *Id.* ¶ 9(e) (arguing Plaintiffs can use "sidewalks and parks" and "do not have a right" to use other County property). However, just because Plaintiffs may speak in certain fora does not mean that the County may restrict their speech in other fora.  *See Se. Promotions, Ltd. v. Conrad*, 420 U.S. 546, 556 (1975) ("(O)ne is not to have the exercise of his liberty of expression in appropriate places abridged on the plea that it may be exercised in some other place.") (citation omitted); *Hobbs v. Hawkins*, 968 F.2d 471, 481 (5th Cir. 1992) (vacating district court's dismissal of First Amendment claim, where district court held that prohibiting plaintiffs from speaking at a meeting in city-owned facility was not unconstitutional because plaintiffs were free to speak "elsewhere.").   For example, the County's Policy prohibits Election Day use of the property surrounding:   the County Courthouse Annex, La Rosita Library, Zarate Park Community Center, El Cenizo Park Community Center, and the Starr County Fairgrounds.  *See* Dkt. 63 ¶¶ 76-79.  The fact that Plaintiffs are permitted to speak in some other properties such as parks and sidewalks does not render the restrictions in the Policy constitutional.

Third, even if Defendants were correct in their contention that all County lawns and green areas are exempted as "Public Spaces" and can be used without a permit (they are not), Defendants do not dispute that the Policy applies to various County facilities.  *See* Dkt. 72 ¶ 9(e) ("Plaintiffs are correct that they must apply for a permit to use the community centers, the Fairgrounds, the Courthouse Annex conference room, and La Rosita Library[.]").  Defendants make no effort to justify their restrictions on public use of these facilities under the applicable

standard and thus judgment in favor of Plaintiffs is warranted.  *See* Dkt. 68 at 12-18 (identifying additional First Amendment violations in the Policy such as the year-round ban on temporary posting of signs in public fora, burdensome fees and notarization requirements to speak and assemble, unfettered County discretion to grant permission to speak and assemble, 30-day prior restraint, and holiday ban on permits).

### E. Defendants Improperly Rely on Facts Outside the Pleadings

Defendants' reliance on factual statements outside the pleadings cannot help them respond to Plaintiffs' Motion.  In their Response, Defendants make factual claims that are outside the pleadings, including claims regarding measurements of Starr County property and statements about real estate ownership.  *See* Dkt. 72 ¶¶ 5, 7.  These factual assertions cannot form the basis of the Court's review of a motion for judgment on the pleadings because they are neither the substance of the parties' pleadings nor judicially-noticed facts.  *See Linicomn v. Hill*, 902 F.3d 529, 533 (5th Cir. 2018) (court may not dispose of a case under Rule 12(c) unless "there are no disputed material facts and the court can render a judgment on the merits based on the substance of the pleadings and any judicially noticed facts.").[1]  These assertions, which the County seeks to introduce in the record without an affidavit, declaration, or sworn statement by a qualified individual, amount to nothing more than counsel's arguments and are not evidence the Court may consider at any stage of the proceedings.  *See also L.C. Eldridge Sales Co. v. Azen Mfg. Pte. Ltd.*, No. 6:11CV599, 2013 WL 2285749, at *7 (E.D. Tex. May 23, 2013) (citation

---

[1] Facts such as property measurements and claims about lack of ownership are both contested by the parties and not judicially noticeable.  The County has declared itself unable to verify and offer reliable information about its real estate, including ownership, as demonstrated in these proceedings.  *See, e.g.*, Dkt. 46 at 9 (unable to "confirm whether or not the Falcon County Party [sic] is subject to County control."); Dkt. 32-2 ¶ 13 (showing Starr County owns or operates Flacon County Park); *see also Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) ("A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.").

omitted) ("Attorney argument is no substitute for evidence").  Because the Court must not consider these assertions for purposes of the parties' competing motions under Rule 12(c), Defendants' arguments based on these assertions must fail.

For example, Plaintiffs allege that the County maintains an unconstitutional Policy governing public use of lawns at the Courthouse and on other County property.  Defendants offer unsubstantiated facts outside the pleadings to claim that the County does not own lawns other than at the Courthouse.  *See* Dkt. 72 ¶¶ 7, 9(c).  Because the Court cannot rely on these fact assertions that are outside the pleadings, Plaintiffs are entitled to a favorable judgment on their claim that the County's lawns, including those at locations other than the Courthouse, are subject to an unconstitutional Policy.

### F.   Plaintiffs are Entitled to Judgement That the Policy and Electioneering Regulation are Unconstitutionally Overbroad and Unduly Vague

Finally, Defendants do not address Plaintiffs' claim that the Policy and Electioneering Regulation are vague and overbroad.  *See* Dkt. 72 ¶ 10 (merely asserting, without legal argument, that "[d]espite Plaintiffs contention, Defendants seek judgment on all of Plaintiffs claims").  Therefore, Plaintiffs request that the Court grant their motion on these claims.  *See* Dkt. 63 ¶¶ 119-120, 127-128.

Defendants also do not dispute that Defendants Escobar, Canales, and Fuentes are responsible for and indeed enforce the Policy and the Electioneering Regulation and, therefore, they are proper named defendants in this case.

## II.   CONCLUSION

For all these reasons and the reasons set forth in Plaintiffs' Response in Opposition to Defendants' Motion for Judgment on the Pleadings and Plaintiffs' Cross Motion for Judgment on the Pleadings (Dkt. 68), Plaintiffs respectfully request that the Court grant their cross motion for

judgment on the pleadings, deny Defendants' motion for judgment on the pleadings, and render

judgment in favor of Plaintiffs.

Dated:  November 2, 2018                    Respectfully submitted,

                                           **MEXICAN AMERICAN LEGAL DEFENSE
                                           AND EDUCATIONAL FUND**
                                           By: */s/  Alejandra Ávila*
                                           Nina Perales
                                           State Bar No. 24005046
                                           SDTX Bar No. 21127
                                           nperales@maldef.org
                                           Celina Moreno
                                           State Bar No. 24074754
                                           SDTX Bar No. 2867694
                                           cmoreno@maldef.org
                                           Alejandra Ávila
                                           State Bar No. 24089252
                                           SDTX Bar No. 2677912
                                           aavila@maldef.org
                                           110 Broadway, Suite 300
                                           San Antonio, TX 78205
                                           Tel: (210) 224-5476
                                           Fax: (210) 224-5382

                                           **TEXAS CIVIL RIGHTS PROJECT**
                                           By: */s/ Efrén C. Olivares*
                                           Efrén C. Olivares
                                           State Bar No. 24065844
                                           SDTX Bar No. 1015826
                                           efren@texascivilrightsproject.org
                                           Rebecca Harrison Stevens
                                           State Bar No. 24065381
                                           beth@texascivilrightsproject.org
                                           1017 W. Hackberry Ave.
                                           Alamo, Texas 78516
                                           Tel: (956) 787-8171 ext. 121

                                           Attorneys for Plaintiffs HILDA GONZALEZ
                                           GARZA, ROSBELL BARRERA, and MARIO
                                           MASCORRO JR.

## Certificate of Service

The undersigned counsel hereby certifies that, on the 2nd day of November, 2018, she has electronically submitted a true and correct copy of the above and foregoing document via the Court's electronic filing system, which will serve a copy on all counsel of record.

*/s/ Alejandra Ávila*
Alejandra Ávila