IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| HILDA GONZALEZ GARZA, *et al.* § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | CIVIL ACTION NO. 7:18-CV-00046 |
| § | |
| STARR COUNTY, TEXAS, *et al.* § | |
| § | |
| Defendants. § | |

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO COMPEL
ANSWERS TO INTERROGATORIES AND PRODUCTION AND TO EXTEND
DISCOVERY SCHEDULE**

Plaintiffs Hilda Gonzalez Garza, *et al*. ("Plaintiffs") respectfully submit this Reply in Support of their Motion to Compel Answers to Interrogatories and Production and to Extend Discovery Schedule pursuant to Local Rule 7.4(E).

In their response, Defendants fail to rebut Plaintiffs' arguments, continue to make blanket assertions of privilege, and argue incorrectly that their conclusory objections and incomplete responses comply with the Federal Rules. Furthermore, Defendants' response is entirely lacking in any legal authority in support of their arguments, and is therefore deficient under the Local Rules. *See* Local Rule 7.4(C).[1]

Unable to defend the indefensible on the merits, Defendants resort to accusing Plaintiffs' counsel of acting in bad faith and failing to confer on the motion as required by the Local Rules. However, as more fully set forth below, Defendants' accusations are belied by communications between the parties since October. *See* Dkt. 76-1.

---

[1] The only legal authority provided by Defendants is in the form of citations to cases generally discussing various privileges that are inapplicable to Plaintiffs' requests. *Compare* Dkt. 81 at 3-4 *to* Dkt. 76 at 5.

1

For these reasons, Plaintiffs respectfully request that their motion be granted in its entirety.

I.  ARGUMENT

   A. Plaintiffs Attempted to Resolve This Dispute in Good Faith Without Court Intervention

Defendants request that the motion be denied in its entirety because Plaintiffs' counsel failed to confer on the motion. *See* Dkt. 81 at 2, 8. The facts demonstrate otherwise. Plaintiffs conferred with Defendants and attempted to resolve this matter without court intervention over a month before filing the motion to compel. Defendants confirmed that they received and reviewed Plaintiffs' statement of the discovery deficiencies and Plaintiffs' plans to move to compel. The record shows as follows:

- October 29, 2018: Plaintiffs sent a detailed letter to Defendants pursuant to Local Rule 7.1.D and outlining all the deficiencies presented by Plaintiffs in their motion to compel. *See* Dkt. 76-14;

- October 30, 2018: Defendants responded by email acknowledging receipt of Plaintiffs' deficiency letter and confirming that defense counsel had reviewed it. *See* Dkt. 76-1 at 2;

- November 12, 2018: Plaintiffs emailed one of Defendants' counsel in a second attempt to confer about the discovery dispute and received a reply email stating that he was out of the office with "limited access" to phone and email from November 9, 2018 until November 26, 2018. *See id.* at 1; Dkt. 81-1;

- November 26, 2018: One of Defendants' counsel returned from vacation. *See* Dkt. 81-1;

- November 27, 2018: At the close of business, Plaintiffs filed their motion to compel, having received no response from any defense counsel regarding the discovery dispute. *See* Dkt. 76.

As demonstrated by the undisputed facts, Plaintiffs and Defendants conferred in October regarding the discovery dispute. *See* Dkt. 76-1 at 2; 76-14. Plaintiffs waited almost a month to file their motion to compel, contacted Defendants a second time during this period, and waited

2

until one of Defendants' counsel returned from vacation before filing the motion to compel. *See* Dkt. 76, 76-1 at 1, 81-1.

This timeline does nothing more than show that Defendants, faced with a detailed deficiency letter and impending motion from Plaintiffs, notified Plaintiffs that they were in receipt of the letter and then made no further effort to cure the deficiencies in their discovery responses. Defendants continued their inactivity in this case by stating that they are unavailable to participate in depositions during the entire month of December. *See* Dkt. 79 at 5.

Faced with this bundle of unfavorable facts, Defendants attempt to impose a burden on Plaintiffs' counsel that is not in fact required by the Federal or Local Rules. Defendants claim Plaintiffs' counsel acted in bad faith because Plaintiffs' counsel were made aware of one lawyer's three-week vacation via an auto-reply message, which required Plaintiffs' counsel either to call Defendants' counsel's office or attempt to confer with other counsel, or both, during the three-week period. *See* Dkt. 81 at 2. This argument fails for a number of reasons. First, the parties conferred about the discovery dispute over a week *before* one of Defendants' lawyers went on vacation, and Defendants did nothing to address the discovery dispute during the month following this communication. Second, Plaintiffs properly relied on the facts that Defendants responded to the discovery deficiency letter in October and later that one of their attorneys had "limited access to phone and email" (Dkt. 81-1) to understand that Defendants were aware of and would respond to the discovery dispute. Although Defendants now claim that one of its lawyers went "on vacation with no access to email," *see* Dkt. 81 at 2, that is not what Defendants communicated to Plaintiffs, Dkt. 81-1. The claim is also irrelevant.

The auto-reply message on which Defendants now focus resulted from Plaintiffs' second attempt to confer with Defendants' counsel on the discovery deficiencies, after the parties had

3

already conferred about the discovery dispute in October. After conferring and sending a second email two weeks later, then waiting until after one lawyer for Defendants returned from vacation before filing their motion, Plaintiffs more than fulfilled the requirements of the Local Rules.

Finally, Defendants' argument that Plaintiffs' counsel acted unreasonably and in bad faith because Plaintiffs' counsel "[a]t no point . . . attempt[ed] to confer with lead counsel on this matter" is disingenuous at best. Dkt. 81 at 2. Even though Ms. Eileen Leeds appears as the attorney-in-charge in this case's docket, Mr. Fonseca has conducted all communications with Plaintiffs and made all court appearances after Ms. Leeds appeared at the first hearing. The one time Plaintiffs' counsel reached out to Ms. Leeds in this case to confer on a motion, Ms. Leeds represented she could not provide a position for Defendants and asked Plaintiffs' counsel to call back when Mr. Fonseca was in the office. *See* Dkt. 35 at 3.

Mr. Fonseca has been the only point of contact for Defendants since the parties held their Rule 26 conference, and Plaintiffs' counsel had no reason to believe that conferring with Ms. Leeds on this motion would be fruitful or necessary. Indeed, reaching out to Ms. Leeds would have been futile, since, as Mr. Fonseca most recently represented to Plaintiffs, Ms. Leeds is out of the office on medical leave until January. *See* Dkt. 77-4 at 7.

In sum, Plaintiffs conferred with Defendants in October, followed up on the discovery deficiency letter in November, and waited for one of Defendants' counsel to return from vacation before filing the motion to compel. Defendants knew of the discovery dispute close to a month before Plaintiffs filed the instant motion and did nothing. Plaintiffs conferred as required by the Local Rules and the motion to compel should be granted.[2]

---

[2] Defendants also claim Plaintiffs' request for an extension of the discovery deadline should be denied on the basis that Plaintiffs' counsel did not confer with Defendants' counsel as to this particular request. *See* Dkt 81 at 8. To the extent Defendants' argument has any merit, the issue has been cured and Defendants' argument is now moot. As

## B. Defendants' Responses and Objections are Insufficient Under the Federal Rules

In response to Plaintiffs' motion to compel, Defendants claim their responses and objections satisfied the Federal Rules. As more fully set forth below, however, Defendants' arguments have no basis in law or fact and are wholly without merit:

## INTERROGATORY NO. 1

This interrogatory merely asked Defendants to identify persons with relevant knowledge. *See* Dkt. 76 at 5.

In response to Plaintiffs' motion to compel, Defendants generally recite the elements of the deliberate process, legislative, attorney-client, and work product privileges and claim, without any legal support, that "these privileges [] protect the identity of persons." Dkt. 81 at 4. As stated in Plaintiffs' motion to compel, none of Defendants' blanket privilege objections apply to the identification of persons. *See* Dkt. 76 at 5; *see also* Fed. R. Civ. P. 26(a)(1)(i) ("a party must . . . provide to the other parties . . . the name and, if known, the address and telephone number of each individual likely to have discoverable information . . . .").[3]

Defendants also provide vague statements in their response, asserting that "they do not believe anyone other than themselves and their counsel authored, edited, or reviewed" the policies "except for maybe staff members." Dkt. 81 at 4. However, complete and specific answers to this interrogatory are necessary, particularly because Defendants have not

---

shown in Defendants' motion to quash Plaintiffs' depositions and Plaintiffs' response brief, the parties have discussed a joint extension of the discovery deadline in light of the pendency of this motion and Defendants' unavailability to conduct depositions during the month of December; however, the parties have been unable to agree on this issue without court intervention. *See* Dkt. 79.

[3] Defendants' counsel insistence that this information is privileged is so plainly at odds with well-established precedent that it is borderline unethical for counsel to continue to make this argument, particularly in light of counsel's inability to cite to a single case in support of this claim. *See* Tex. Disciplinary Rules of Professional Conduct, Rules 1.01, 3.03(a)(1).

supplemented their initial disclosures since April, even after the County adopted the Electioneering Regulation and revised the Property Use Policy. *See* Dkt. 63 ¶¶ 44, 85.

**INTERROGATORY NO. 2**

This interrogatory asked Defendants to provide information about real property owned by Starr County. *See* Dkt. 76 at 5-6.

Defendants claim they have provided a list of properties owned by the County and note that "[o]ther than affirmatively stating that polling locations are and have been polling locations since 2017, there is nothing more Defendants can do to respond." Dkt. 81 at 4. Defendants essentially agree with Plaintiffs their responses were incomplete. Defendants must provide the requested information to Plaintiffs, including whether each county property was or will be designated as a polling place for an election in Starr County in 2017 or 2018 and, if so, for which election the real property was or will be designated. A general statement that "polling locations are and have been polling locations since 2017" does not inform Plaintiffs which property served as a polling location for which year and for which election. *Id*.

**INTERROGATORY NO. 5**

This request asked Defendants to identify incidents known or reported to Defendants since January 1, 2008, caused by any speech or assembly on Starr County property. *See* Dkt. 76 at 6.

Defendants claim they are not required to respond to this request on the grounds that (1) the request is irrelevant and (2) the information sought is "protected by the legislative and deliberative-process privileges." Dkt. 81 at 5. However, Defendants raise these objections for the first time in their response brief. *See* Dkt. 76 at 6-7. Defendants have not shown any basis for untimely asserting these objections, and they have provided answers to this interrogatory

request, albeit incompletely. Therefore, these objections are waived. *See* Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."); *RE/MAX Int'l, Inc. v. Trendsetter Realty, LLC*, No. CIV.A. H-07-2426, 2008 WL 2036816, at \*5 (S.D. Tex. May 9, 2008) ("[A]s a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived . . . Any other result would . . . completely frustrate the time limits contained in the Federal Rules and give a license to litigants to ignore the time limits for discovery without any adverse consequences.") (internal citations and quotation marks omitted).

In any event, neither of these objections is proper. This request seeks facts, not deliberative information, and Defendants' conclusory assertion that this request is broadly covered by the legislative and deliberative-process privileges is insufficient. *See U.S. v. El Paso Co.*, 682 F.2d 530, 539 (5th Cir. 1982) (blanket assertions of privilege are insufficient); *Skelton v. U.S. Postal Serv.*, 678 F.2d 35, 38 (5th Cir. 1982) (deliberative process privilege protects "predecisional materials reflecting deliberative or policy-making processes, but not materials that are purely factual") (internal quotation marks and citations omitted). Defendants' further claim that the request is irrelevant "because the purposes and bases for enactment of the policies are listed in the enacted policies" and "the County has the right to look to the future to prevent certain actions without having to rely on past experiences" does not excuse Defendants from responding. Dkt. 81 at 4-5. Defendants' arguments do not bear on the interrogatory's relevancy, and Defendants do not cite any authority in support of this proposition.

Defendants also claim the request is broad because it seeks information for a 10-year period, even though Defendants did not specifically object to this timeframe in their responses and objections. *See* Dkt. 76 at 7. It is not unduly overbroad to ask that Defendants identify

7

incidents known or reported to them since January 1, 2008. The Federal Rules provide that Plaintiffs are entitled to discovery of any non-privileged matter that is relevant to their claims and proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). Plaintiffs' request is within the scope of permissible discovery, particularly considering Plaintiffs are only seeking information from the named Defendants. *Id*. Defendants must provide responsive information, which is entirely in Defendants' possession, and, where appropriate, may respond they are unaware of any responsive information. *See Liberty Mut. Ins. Co. v. Tedford*, No. CIV A 3:07CV73-A-A, 2008 WL 2080930, at *6 (N.D. Miss. May 13, 2008) (noting that producing party "has a duty to at least attempt" to obtain information responsive to interrogatory seeking information from a 10-year period by at least conducting inquiry of persons who may have relevant, discoverable information). Indeed, some Defendants provided responsive but incomplete information, which undermines any claim of burden or overbreadth.

Finally, Defendants state that "if Plaintiffs would be satisfied—with Defendants 'copy-pasting' their answers to Interrogatory No. 5 instead of referring to a previous answer, Defendants would go through the exercise." Dkt. 81 at 5. Certainly, Defendants should have gone through the "exercise" of complying with the Federal Rules so that Plaintiffs can understand which information is offered by which Defendant. *See Alcala v. Texas Webb Cty.*, No. CV L-08-0128, 2009 WL 10694159, at *7 (S.D. Tex. Dec. 7, 2009) ("[I]ncorporation of one interrogatory answer when answering another interrogatory is an improper response").

**INTERROGATORY NO. 8**

This interrogatory asked Defendants to identify the procedures necessary to apply for a waiver of any requirements of the Building and Property Use Policy, including any required documents or forms. *See* Dkt. 76 at 7.

Defendants claim that their answer—a mere "see" reference to the entirety of the Building and Property Use Policy—is proper because "Plaintiffs and their counsel are very well aware of what the policies and procedures are," "[t]here is no better answer to a request for outlining the procedure for applying for a waiver than by referring to the document at issue in this case," and "[b]y so stating, Defendants have affirmatively stated there is no other way of seeking a waiver." Dkt. 81 at 5. There is no legal basis for Defendants' claim that Plaintiffs' supposed awareness of the policies and procedures excuses Defendants from answering a discovery request, and Defendants provide no legal authority in support of this argument. In addition, contrary to Defendants' contention, Defendants' confusing answer to Interrogatory No. 8 did not "affirmatively state" a response. Defendants did not respond that the only procedures, to the extent they exist, are found in the text of the Policy. Defendants also did not explain whether any documents or forms related to a waiver application exist, even though the interrogatory specifically requests this information. Defendants' answer is improper and confusing, and Plaintiffs request that the Court compel Defendants to provide a proper, verified answer to this discovery request.

**REQUEST FOR PRODUCTION NO. 1**

This request asked Defendants to produce all documents related to communications between or among the Defendants regarding the policies. *See* Dkt. 76 at 8.

Defendants claim all responsive items are privileged, but have failed to explain how any of the privileges apply to each particular withheld item; instead, they simply claim all documents are protected "by all the listed privileges." Dkt. 81 at 5. Defendants also contend that their "log" is crystal clear and provides sufficient information as required by the Federal

Rules. *Id*. Plaintiffs need not rehash why Defendants' "privilege logs" are insufficient. *See* Dkt. 76 at 8.

Because Defendants have failed to articulate a proper basis for their failure to respond, Defendants should be compelled to respond to Request for Production No. 1 by producing all non-privileged documents and a proper privilege log.

**REQUEST FOR PRODUCTION NO. 4**

This request asked Defendants to produce documents related to guidance or procedures provided to or devised for law enforcement to enforce the Starr County policies referenced in Interrogatory No. 1. *See* Dkt. 76 at 9.

Defendants claim that their answer—a vague reference to the Starr County Building and Property Use Policy—is proper because the Policy "is the only document available to law enforcement as guidance on the County's policy" and "Defendants believe it is sufficient and self-explanatory, without need of any other documents." Dkt. 81 at 6. However, Defendants' response to Request for Production No. 4 did not state that the Building and Property Use Policy is the only responsive document to this discovery request, particularly since the discovery request inquired about multiple policies. Defendants' discovery response did not state that no law enforcement guidance as to any of the referenced policies exists other than the text of the Building and Property Use Policy, although Defendants are clearly capable of stating that answer in a discovery response. Plaintiffs request that the Court compel Defendants to amend their response to this request and provide a proper answer that tracks counsel's representations in Defendants' response brief.

**REQUEST FOR PRODUCTION NO. 5**

This request asked Defendants to produce documents related to guidance provided to the Commissioners' Court and the Starr County Judge to implement the policies, including any rules or training related to determining whether to grant or deny a permit request, determining a deposit amount, or waiving or modifying any requirements under the policies. *See* Dkt. 76 at 10.

Although Defendants originally made a blanket assertion of a number of privileges, Defendants' response to the motion to compel appears to claim that only the attorney-client privilege applies. *See* Dkt. 81 at 6 (noting that "[e]mails from counsel which give advice concerning the application or interpretation of the Use Policy, particularly in the context of litigation, are privileged" and "[a] log of those emails has been provided."). For the reasons set forth in Plaintiffs' motion, Defendants' "privilege log" is insufficient, including because the log does not sufficiently describe the content of the documents and why each document should be granted protection, and Plaintiffs cannot discern which documents in the "log" are responsive to this request. *See* Dkt. 76 at 10.

Defendants claim in their brief, but not in their discovery responses, that other than what may be included in emails with counsel, "the only responsive document is the Use Policy itself" and "Defendants believe it is sufficient and self-explanatory, without need of any other document for the County Judge to enforce the Use Policy." *See* Dkt. 81 at 6. If Defendants' brief is correct, Defendants should be compelled to amend their discovery responses, which only assert "see Starr County Building and Property Use Policy." *See* Dkt. 76 at 10.

**REQUEST FOR PRODUCTION NO. 6**

This request asked Defendants to produce materials provided to or reviewed by Defendants prior to adopting the policies. *Id.* at 11.

11

Defendants claim all responsive items are privileged, but have failed to explain how any of the privileges apply to each particular withheld item; instead, they simply claim all documents are protected "by all the listed privileges." Dkt. 81 at 7. Defendants also contend that their "log" is crystal clear and provides sufficient information as required by the Federal Rules. *Id*. Plaintiffs need not rehash why Defendants' "privilege logs" are insufficient. *See* Dkt. 76 at 11. Defendants should be compelled to respond to Request for Production No. 6 by producing all non-privileged documents and a proper privilege log.

**REQUEST FOR PRODUCTION NO. 7**

This request asked Defendants to produce, for each County Commissioners' Court meeting at which the County discussed the policies at issue, documents related to communications related to the meeting, the agenda of the meeting, public notices about the meeting, statements made by the Individual Defendants, and statements made by the public. *Id.* at 12.

Defendants maintain that a general reference to the Starr County website is a proper response to this request because "[a]ll Plaintiffs have to do is click on the date of the meeting they are looking for to obtain a copy of the documents responsive to their request" and "Plaintiffs are well aware, as is evident from their pleadings, of the dates in question." Dkt. 81 at 8. Again, Defendants do not provide any legal support for their argument that Plaintiffs' "awareness" of responsive documents warrants Defendants' failure to respond properly to this request, and there is no basis for this argument. Defendants also continue to point Plaintiffs to a YouTube link containing all videos of Starr County hearings, claiming "Defendants' counsel does not have the software necessary for downloading videos and it would have been an undue burden to tax such a cost on Defendants when the YouTube videos are easily accessible to Plaintiffs." *Id*.

12

However, this argument is without merit because (1) Defendants did not make any burden objections as a basis for failure to respond and the objection is therefore waived, (2) Defendants do not need an expensive software to download responsive YouTube videos from the internet, and (3) even if downloading the responsive videos constituted a "burden" (it does not), Defendants do not explain how such burden is an undue burden warranting a failure to respond. Indeed, Defendants do not even attempt to list the videos that are responsive to this request.

Finally, Defendants do not respond in their brief to Plaintiffs' concern that, based on Defendants' vague assertions of privilege in connection with this request, Plaintiffs cannot discern if any responsive documents have been withheld and, if so, which items in the "privilege logs" are responsive to this request. *See* Dkt. 76 at 12.

**REQUEST FOR PRODUCTION NO. 8**

Defendants do not provide any specific rebuttal arguments in connection with this request. *See* Dkt. 81 at 8 (providing no arguments and referring "to the authorities and arguments above."). Defendants have therefore failed to respond to Plaintiffs' motion to compel on this point. *See* Local Rule 7.4 ("Failure to respond to a motion will be taken as a representation of no opposition.").

II. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant Plaintiffs' Motion to Compel Answers to Interrogatories and Production and to Extend Discovery Schedule.

Dated: December 17, 2018            Respectfully submitted,

                                               **MEXICAN AMERICAN LEGAL DEFENSE AND EDUCATIONAL FUND**
By: */s/ Alejandra Ávila*
Nina Perales (Attorney-in-Charge)
State Bar No. 24005046
SDTX Bar No. 21127

nperales@maldef.org
Alejandra Ávila
State Bar No. 24089252
SDTX Bar No. 2677912
aavila@maldef.org
110 Broadway, Suite 300
San Antonio, TX 78205
Tel: (210) 224-5476
Fax: (210) 224-5382

**TEXAS CIVIL RIGHTS PROJECT**
By: */s/ Efrén C. Olivares*
Efrén C. Olivares
State Bar No. 24065844
SDTX Bar No. 1015826
efren@texascivilrightsproject.org
Rebecca Harrison Stevens
State Bar No. 24065381
beth@texascivilrightsproject.org
1017 W. Hackberry Ave.
Alamo, Texas 78516
Tel: (956) 787-8171 ext. 121

Attorneys for Plaintiffs HILDA GONZALEZ GARZA, ROSBELL BARRERA, and MARIO MASCORRO JR.

## Certificate of Service

The undersigned counsel hereby certifies that, on the 17th day of December, 2018, she electronically submitted a true and correct copy of the above and foregoing document via the Court's electronic filing system, which will serve a copy on all counsel of record.

*/s/ Alejandra Ávila*
Alejandra Ávila